## VADA GRANT v. SAVANNAH FLORA SHADRICK
### AND
## CLYDE GRANT v. SAVANNAH FLORA SHADRICK.

(Filed 11 December 1963.)

**1. Automobiles § 42c—**

Evidence that defendant, traveling in the opposite direction, pulled out from behind the second car preceding her on the highway into plaintiff's lane of travel, *held* sufficient to take the issue of negligence to the jury.

**2. Automobiles § 37—**

Evidence that defendant pleaded guilty to a criminal charge arising out of the same accident is ordinarily competent, and the admission of such evidence in this case could not have prejudiced defendant in view of defendant's own theory of how the accident occurred.

APPEAL by defendant from *Crissman, J.,* February 18, 1963 Session of GUILFORD, High Point Division.

These civil actions, consolidated for trial, grow out of a collision that occurred July 3, 1961, about 2:00 p.m., on U. S. Highway No. 19, in Cherokee County, North Carolina, between a 1957 Dodge owned and operated by Clyde Grant (hereafter Grant) in which his wife, Vada Grant, was a passenger, and a 1958 Volvo owned and operated by defendant. The husband's action is to recover for personal injuries and damage to his car. The wife's action is to recover for personal injuries.

Each plaintiff alleged the collision and resulting damages were proximately caused by the negligence of defendant. Plaintiffs' crucial allegations were denied by defendant. She alleged the car in front of her stopped suddenly and without warning; that, in the emergency so created, she applied her brakes; and that her car skidded on the wet and slick pavement "to the left into the left-bound lane." Defendant did not plead contributory negligence in either case.

The only evidence was that offered by plaintiffs. In each action, issues as to negligence and damages were answered in favor of the plaintiff and the court, in accordance with the verdicts, entered judgments in favor of the plaintiffs and against the defendant. Defendant excepted, appealed and assigns as error (1) the denial of her motion for judgment of nonsuit and (2) the admission of certain evidence.

*Morgan, Byerly, Post, Van Anda & Keziah for plaintiff appellees.*
*Deal, Hutchins & Minor for defendant appellant.*

PER CURIAM. Each plaintiff's allegations as to defendant's negligence include the following: (1) she failed to exercise due care to keep a proper lookout; and (2) she "swerved her automobile" into the path of the Grant Car, "drove the same upon the left side of the highway," and "failed to yield the right of way" to the Grant car.

There was evidence tending to show: U. S. Highway No. 19, where the collision occurred, is approximately twenty feet wide. It is a two-lane ("blacktop") highway. Grant was proceeding north on his (right) side of said highway at a speed of approximately forty miles per hour. The highway was straight. As Grant approached the point of collision, he met a line of three cars proceeding south on their (right) side of said highway. As Grant approached, the third car, defendant's Volvo, "swerved out" from behind the second car, left its right side of said highway and collided with the Grant Dodge on Grant's right side of said highway.

When considered in the light most favorable to plaintiff, the evidence was sufficient to withstand defendant's motions for judgment of nonsuit and to support the verdicts.

Grant was permitted to testify, over defendant's objection, that a State Highway Patrolman who investigated the collision charged defendant with "failing to yield right of way" and that defendant, before a justice of the peace in Andrews, North Carolina, pleaded guilty to this charge. There was no contention that defendant's plea constituted *res judicata* or an estoppel with reference to any matter involved therein. The testimony was offered and admitted as evidence in the nature of an admission bearing upon whether defendant operated her car onto the left side of the highway and directly in the path of the approaching Grant car.

"Evidence of a plea of guilty to a criminal charge arising out of an automobile accident is generally admissible, but it is not conclusive, and may be explained." Blashfield, Cyclopedia of Automobile Law and Practice, Volume 9C, Permanent Edition, § 6196; 31 C.J.S., Evidence

§ 300 (b) ; 8 Am. Jur. 2d, Automobiles and Highway Traffic § 944; Annotation, 18 A.L.R. 2d 1287, *1307*, and supplemental decisions.

The patrolman's testimony as to what occurred, if anything, before the justice of the peace in Andrews was subject to contradiction and explanation, the weight to be given his testimony and the matters referred to therein being for jury determination. Defendant did not testify or offer evidence. Defendant's pleading, as noted in our preliminary statement, is to the effect the collision occurred on her left (Grant's right) side of the highway. Under the circumstances, we perceive no prejudicial error in the admission of the patrolman's said testimony.

No error.