NATIONWIDE MUTUAL INSURANCE COMPANY, a CORPORATION, AND JAMES A. QUEEN, PLAINTIFFS, v. AUBREY McABEE, D/B/A PINE GROVE SERVICE STATION, IRA EARL BEACH, WILLIAM RAY ROBERTSON AND FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, A CORPORATION, DEFENDANTS.

(Filed 19 October, 1966.)

1. Insurance § 54—

In an action on an automobile liability policy, the burden is upon insured to show coverage, and, if insurer relies upon a clause excluding coverage, the burden is on insurer to establish the exclusion.

2. Same— Accident occurring while employee of garage was returning vehicle to owner after repairs held covered by garage liability policy.

The stipulations and findings disclosed that the owner arranged with a repair garage to pick up the owner's car for the purpose of repairs and return it after repairs were made, that the garage sent its employee who took charge of the vehicle and drove it to the repair shop and after the repairs were made, undertook to return the vehicle to the owner's home, and that the collision occurred as the garage employee was on his way to deliver the vehicle to the owner. *Held:* Under the agreement of the garage not only to do the repair work but to pick up and return the vehicle after the repairs, the garage employee was operating the vehicle in the garage business so that liability for his negligence was covered by the garage liability policy, and came within the exclusion clause of the owner's liability policy.

APPEAL by plaintiffs from *Hasty, J.,* January 31, 1966 Regular Schedule D Civil Session, MECKLENBURG Superior Court.

Nationwide Mutual Insurance Company [Nationwide] and James A. Queen [Queen] instituted this civil action, asking the court by declaratory judgment to determine the respective obligations of the parties to defend and indemnify Ira Earl Beach, Aubrey McAbee d/b/a Pine Grove Service Station, against the personal injury and the property damage claims of William Ray Robertson and Emily Jean Perkins growing out of a collision between the Queen automobile and the Robertson motorcycle. The facts are stipulated.

On March 4, 1961, Queen owned a 1959 Chevrolet automobile. Nationwide's policy of liability insurance provided the owner coverage against claims growing out of the use of the vehicle. On the same date Aubrey McAbee operated Pine Grove Service Station. Federated Mutual Implement and Hardware Insurance Company's garage policy provided coverage for McAbee's Pine Grove Service Station.

According to the stipulations and findings, on March 4, 1961, Queen, by telephone, arranged for McAbee's to pick up Queen's Chevrolet automobile at the owner's home for the purpose of repairs. McAbee's sent its agent, Ira Beach, who took charge of and drove the automobile to the repair shop. After the repairs, which were completed at the garage, Beach undertook to return the Chev-

rolet to Queen's home. On the way, a collision occurred between the Chevrolet and a motorcycle operated by Robertson, on which Emily Jean Perkins was a passenger. As a result of the collision, Robertson and Emily Jean Perkins, a minor, were injured.

Emily Jean Perkins, by her Next Friend, instituted an action for personal injury against Queen, Beach and McAbee's. Nationwide defended for Queen but refused to defend for Beach or McAbee's. Federated defended for both Beach and McAbee's but contended its policy did not cover the accident for that Beach was the agent of Queen in picking up the Chevrolet and returning it after the repairs. Federated compromised and settled the Perkins claim. Robertson instituted an action against Queen and Beach for his personal injuries. Federated undertook the defense of Beach and McAbee's. Nationwide undertook the defense of Queen but refused to participate in the defense of Beach or McAbee's, alleging Beach was the agent of McAbee's at the time of the accident and injury. Nationwide's policy issued to Queen contained this clause:

"1. This policy does not apply under Coverages D and E; (g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner agent or employee of the named insured, such resident or partnership; [automobile business being defined in the Nationwide policy as 'the business or occupation of selling, repairing, servicing, storing or parking automobiles']."

The court held both Nationwide and Federated were liable within the limits of their respective policies for the injuries resulting from the negligence of Beach in the operation of Queen's automobile; that Nationwide is liable to Federated for the proportionate part of the expenses and amount paid in settlement of the Perkins claim. The court further held that both Nationwide and Federated are legally obligated under their policies to indemnify the insureds against claims growing out of the accident.

To the judgment entered, Nationwide excepted, and from it, appealed.

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., for plaintiff appellants.*

*Craighill, Rendleman & Clarkson by Hugh B. Campbell, Jr., for defendant appellees.*

HIGGINS, J.    The court held both Federated and Nationwide liable within the limits of their respective policies for the personal injuries and property damages proximately caused by the negligence of Beach in the operation of Queen's Chevrolet on March 4, 1961. Federated did not appeal. Nationwide did appeal, contending that Beach was not Queen's agent, but was the agent of McAbee's at the time of the accident, and was using Queen's Chevrolet in McAbee's automobile business. If the contention is correct, the court committed error in holding Nationwide liable.

In construing insurance policies, the burden is on the insured to show coverage. If the insurer relies on a clause of the policy which excludes coverage, the burden is on the insurer to establish the exclusion. *Fallins v. Ins. Co.*, 247 N.C. 72, 100 S.E. 2d 214; *MacClure v. Casualty Co.*, 229 N.C. 305, 49 S.E. 2d 742; *Pearson v. Pearson*, 227 N.C. 31, 40 S.E. 2d 477. Unquestionably Queen called McAbee's Service Station, stating his Chevrolet needed repairs. McAbee's agreed to send for, repair, and return the vehicle to Queen's home. McAbee's sent its employee, Beach, for the vehicle, repaired it, and while Beach was returning it the accident occurred as a result of Beach's negligence. Beach at all critical times was McAbee's employee. Queen had an agreement with McAbee's not only for the actual repair work but to pick up and return the vehicle after the repairs. Queen was responsible to McAbee's for the repair bill, including the movement to and from the garage. There is nothing in the record to indicate the agreement between Queen and McAbee's that the latter should pick up the vehicle, repair and return it, was other than a regular and customary part of the repair service. Beach, at all times was under the control and direction of his employer, McAbee's. At no time was he under Queen's control. Beach's acts are covered by McAbee's garage policy. From that holding McAbee's and Beach did not appeal.

In a similar situation the Court of Appeals of Virginia has held: "Obviously, if the operation of the car by Perdue [dealer's employee] was a use in the automobile business [insured by garage policy] . . . within the meaning of the insuring clause . . . it was a use in such automobile business within the meaning of the exclusion clause of United's policy." *Universal Underwriters Ins. Co. v. Strohkorb*, 205 Va. 472, 137 S.E. 2d 913 (1964).

When McAbee's contracted to pick up the Chevrolet at Queen's home, service it, and return it to the owner, the custody and control of the vehicle passed from the owner to the garage at the time Beach took charge. During all the time involved, McAbee's agents were in control. The control began with the movement, continued through the repairs, and likewise was continuing at the time of the

accident. In *Karner v. Maynor*, 415 P. 2d 998 (Okla.) (1966) the Court held: "It seems clear from the questioned provision . . . that the insurer does not . . . provide liability insurance for any person or organization . . . employees or agents who operate any of the . . . businesses specified [automobile business]. The reason for refusing to extend insurance coverage to such persons and organizations is obvious. When the named insured places his automobile in the custody of any . . . repair shop, service station . . . the insured has no knowledge as to who will be entrusted with the operation . . . while it is in the control of such person or organization. Since the risks involved in the operation . . . by the agents or employees of such businesses is great, the [owner's] insurance company refuses to extend coverage . . . ."

The appellees cite cases holding the transportation to and from a garage for repairs is not using the automobile in the garage business. Among the cases is *Goforth v. Allstate Ins. Co.*, 220 F. Supp 616, a District Court decision. On appeal the Fourth Circuit, by *per curiam* decision, 327 F. 2d 637, said: "We agree with the District Court that a private automobile being driven from the place of business of the owner by a garage keeper for the purpose of repairs . . . was not being used in the automobile business within the meaning of the exclusion clause in the owner's liability insurance policy." The court attempted to justify the reasoning by saying the business of the man driving the car did not determine the business in which the car was being used while he drove it. The decision has been soundly criticized. The Fifth Circuit, in *Sanders v. Liberty Mutual Co.*, 354 F. 2d 777, rejected the theory advanced by the Fourth Circuit and held the exclusion does apply. The *Goforth* decision holds the use was not in the automobile business, therefore not insured by the garage policy but by the owner's policy.

In this case the use in the automobile business was found by the court and neither Beach nor McAbee's appealed. The judgment of the Superior Court on that question, therefore, becomes the law of the case as to them. *Goforth* does not fit the case before us.

The appellees cite *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410, as authority sustaining Judge Hasty's decision in this case. In that case William Clark Hamrick, the driver of the automobile belonging to Tedder Motor Company was in sole possession of and was driving the vehicle to determine whether he would purchase it. He was a textile worker living in the home of his father whose liability policy covered the members of his household. The policy contained an exclusion clause the same as Queen's in this case. Hamrick was not engaged in the automobile business. He had

permission of the dealer to drive the vehicle but in doing so he was acting on his own. He was neither the agent nor was he working for Tedder Motor Company. The court properly held Hamrick was not using the vehicle in the automobile business. Hence the exclusion clause would not exempt Hamrick's insurance carrier from liability. Such was our holding in the *Jamestown* case. The holding, in so far as applicable, accords with our present decision.

We have considered the authorities cited in the appellees' excellent brief. However, upon the admitted facts we think sound reasoning compels the legal conclusion that McAbee's was using Queen's automobile in its automobile business as defined in Nationwide's policy. Under the stipulations it appears as a matter of law that Nationwide is not liable for the personal injury or property damage, or expenses of defending claims against Beach and McAbee's resulting from Beach's negligence. The judgment as to Nationwide is
      Reversed.