MARY ELIZABETH TEACHEY (NATALE) v. JAMES DALE
WOOLARD

No. 7212SC717

(Filed 25 October 1972)

1. **Damages §§ 3, 13— evidence of causal relationship between expenses and injury in question — evidence of permanency of injury**

In an action to recover for personal injuries and property damage sustained in an automobile collision, plaintiff presented sufficient evidence causally relating disputed medical and travel expenses to her injury sustained in the collision with defendant and presented sufficient evidence of the permanency of her injury to warrant introduction of mortuary tables into evidence.

2. **Automobiles § 45— evidence of guilty plea to criminal charge arising out of collision**

Evidence that defendant entered a plea of guilty to a traffic offense arising out of the same collision in which plaintiff sustained injuries was admissible in plaintiff's civil action for damages, though such evidence was not conclusive and could be explained.

3. **Automobiles §§ 50, 54— passing vehicle on right — sufficiency of evidence to withstand nonsuit**

The trial court properly denied defendant's motions for directed verdict and for judgment NOV where the evidence tended to show that plaintiff prepared to execute a left turn, that all oncoming traffic had stopped to permit the lead vehicle to execute a left turn, that as plaintiff began to turn left, defendant drove his vehicle from a position two cars to the rear of the lead vehicle preparing to turn left, thus overtaking and passing the two stopped cars on the right, and that defendant then collided with plaintiff, causing personal injury and property damage.

4. **Automobiles § 90— instruction on passing vehicle on right supported by evidence**

The trial judge did not err in charging the jury on G.S. 20-150(c) prohibiting the overtaking and passing of a vehicle proceeding in the same direction at any intersection, though he did not specifically refer to that statute, where there was evidence that defendant had violated its provisions and where there was no evidence that defendant was passing on the right pursuant to any of the provisions of G.S. 20-150.1.

APPEAL by defendant from Hall, Judge, 29 May 1972 Session of CUMBERLAND County Superior Court.

Plaintiff seeks to recover of defendant for personal injuries and property damage alleged to have been sustained on 15 October 1970 as a result of a collision between a Ford Mustang

automobile she was operating and a Mercury Cougar automobile being operated by the defendant. Defendant denies negligence and alleges contributory negligence.

Plaintiff's evidence tended to show that on 15 October 1970 at about 1:00 p.m. she was operating her automobile in a northerly direction on North Main Street within the town of Fuquay-Varina approaching the point where it is intersected by Wake Chapel Road; that prior to making a left turn into Wake Chapel Road, plaintiff gave a left turn signal and brought her vehicle to a complete stop; that at approximately the same time, oncoming southbound traffic on North Main Street also came to a complete stop with the lead vehicle making preparation to turn left into a private drive; that as plaintiff began to turn left into Wake Chapel Road, defendant drove his vehicle from a position two cars to the rear of the stopped southbound vehicle preparing to turn left into the private drive, thus overtaking and passing the two stopped vehicles on the right and then collided with the vehicle driven by the plaintiff which was then in the actual process of turning left into Wake Chapel Road.

There was also evidence that it was raining at the time, the highway was wet, and visibility was impaired. A local police officer testified that the intersection was wide enough for an automobile to overtake and pass on the right a vehicle preparing to turn left, but it was only designated and marked for one lane of traffic in either direction. He also testified that there was a traffic island at the intersection and double yellow center dividing lines on North Main Street as it proceeds southward and that there were no other traffic control signals or signs facing northbound traffic.

Defendant's motions for directed verdict at the close of plaintiff's evidence and again after he chose not to present any evidence in his behalf were denied.

The jury found defendant negligent and plaintiff free of any contributory negligence. Defendant's motion for judgment notwithstanding the verdict was denied and from a judgment awarding plaintiff $9,133 for personal injuries and $1,000 for property damage, defendant appealed.

*Rudolph G. Singleton, Jr., for plaintiff appellee.*

*A. Maxwell Ruppe for defendant appellant.*

MORRIS, Judge.

Defendant's assignments of error Nos. 1, 2, 3 and 5 all relate to the question of damages. Defendant contends that the plaintiff has introduced no evidence establishing a causal connection between her injury sustained in the collision of 15 October 1970 and the need for certain medical treatments, and therefore the admission of testimony concerning those treatments and the expenses incurred was error.

In question are certain chiropractic treatments that plaintiff received from 13 January 1972 until the time of trial, visits to three medical doctors starting in February of 1971 and continuing until January 1972, and transportation costs incurred in seeking the above mentioned medical care. Also defendant contends that plaintiff failed to plead and prove permanent injury and therefore the trial court erred in allowing the introduction of mortuary tables into evidence and in instructing the jury on the issue of permanent injury. We find no merit in defendant's contentions.

Plaintiff testified that before the collision on 15 October 1970 she had never had any back or neck trouble. Immediately after the accident she was treated at Womack Army Hospital at Fort Bragg for neck and back injuries. Plaintiff stated that from the first part of November 1970 until 11 January 1971, she was under the care of Dr. John Baluss, orthopedic surgeon, on an outpatient basis, and Dr. Baluss testified that he diagnosed plaintiff's injury as torn ligaments in both the neck and low back area. Dr. Baluss also testified that as of 11 January 1971 he felt that plaintiff's condition had reached a a tolerable level of discomfort and that he didn't find it necessary to treat her any further, recommending only home exercises for the future. Defendant's assignments of error do not relate to any of the medical expenses incurred before 11 January 1971.

However, Dr. Baluss also testified:

"My opinion was that she had some lasting harm to her low back area."

"I thought that she did not have, was not going to have complete, absolute restoration of her circumstances as it was before she was injured in October, 1970."

Plaintiff testified that after 11 January 1971, her neck ceased bothering her but that she continued experiencing pain in her lower back and sought treatment at various times from three other doctors plus chiropractic help, thereby incurring the medical and related travel expenses at issue. Dr. Erle Downing, chiropractor, also testified as to the treatments he administered to the plaintiff.

[1] The sensation of pain is a subjective experience, therefore the need for medical treatment in response may very well have to rest upon the creditability of the plaintiff's testimony. But the plaintiff in this case has shown more. Based on the above, we feel plaintiff has presented sufficient evidence causally relating the disputed medical and travel expenses to her injury sustained in the collision of 15 October 1971. It was for the jury to give her testimony whatever weight they saw fit on the question of damages. Also we are of the opinion that there was sufficient evidence of permanent injury to sustain the trial court's allowing the introduction of mortuary tables into evidence and upon which to base an instruction to the jury.

[2] Defendant also assigns as error the trial court's allowing into evidence a portion of a pretrial adverse examination pertaining to defendant's plea of guilty to a traffic offense arising out of the same collision. This assignment of error is equally without merit. While it is not clear from the record just what the traffic offense was, evidence that a defendant entered a plea of guilty to a criminal charge arising out of an automobile accident is generally admissible in a civil action for damages arising out of the same accident, although it is not conclusive and may be explained. *Grant v. Shadrick*, 260 N.C. 674, 133 S.E. 2d 457 (1963).

[3] Defendant next assigns as error the trial court's failure to grant his motions for directed verdict and judgment notwithstanding the verdict. He contends there was insufficient evidence of negligence on his part for submission of the issue to the jury and that plaintiff's own evidence showed contributory negligence on her part as a matter of law, in that she violated G.S. 20-154(a) in turning from a direct line without first seeing that such movement could be made in safety. In determining whether the trial court erred in passing on defendant's motions, all the evidence which supports the plaintiff's claim must be taken as true and viewed in the light most favorable to her,

Teachey v. Woolard

giving plaintiff the benefit of every reasonable inference which may reasonably be drawn therefrom, with any contradictions, conflicts and inconsistencies resolved in her favor. *Maness v. Construction Co.,* 10 N.C. App. 592, 179 S.E. 2d 816 (1971), cert. denied 278 N.C. 522 (1971). We are of the opinion that on the evidence before it, the court properly submitted the issues of negligence and contributory negligence to the jury and properly denied defendant's motion for judgment notwithstanding the verdict.

[4] Finally, defendant assigns as error that portion of the trial judge's charge to the jury in which he instructed them that they should answer the question of defendant's negligence in favor of the plaintiff if they find by the greater weight of the evidence the following:

> " . . . that he overtook and passed another car preceding him in the same direction at an intersection of streets without being permitted to do so by a traffic officer or police officer, or that he passed the car in front of him on the right when the car in front of him was not giving a clear signal of intention to make a left turn or had not left sufficient room to pass to the right to permit passing in safety or that he turned from a direct line and attempted to pass the vehicle in front of him without exercising due care to see that he could make the movement in safety . .
> [and] that such negligence in any one or more of these respects was a proximate cause of the collision and resulting injuries and damages to the plaintiff . . . "

Defendant argues that the trial judge erred in instructing upon abstract principles of law and statutory provisions not presented by the allegations or the evidence. However, plaintiff did introduce evidence that showed that defendant passed two vehicles, on the right, at an intersection, while it was raining, while visibility was impaired, and we feel the evidence was sufficient to support the above charge.

While the trial judge made no specific reference to G.S. 20-150 (c) in the above instruction, he did embody the substance of it in his charge. G.S. 20-150 (c) reads in relevant part:

> "The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any rail-

way grade crossing nor at any intersection of highway unless permitted to do so by a traffic or police officer."

Violation of this section has been held to constitute negligence *per se* if injury proximately resulted therefrom. *Donivant v. Swaim*, 229 N.C. 114, 47 S.E. 2d 707 (1948).

There is also a statute, G.S. 20-150.1, which sets out specifically when passing on the right is permissible. This statute was not referred to by the trial judge in his charge. G.S. 20-150.1 reads in its entirety as follows:

"*When passing on the right is permitted.*—The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(1) When the vehicle overtaken is in a lane designated for left turns;

(2) Upon a street or highway with unobstructed pavement of sufficient width which have been marked for two or more lanes of moving vehicles in each direction and are not occupied by parked vehicles;

(3) Upon a one-way street, or upon a highway on which traffic is restricted to one direction of movement when such street or highway is free from obstructions and is of sufficient width and is marked for two or more lanes of moving vehicles which are not occupied by parked vehicles;

(4) When driving in a lane designating a right turn on a red traffic signal light."

None of the evidence indicates that defendant was passing on the right pursuant to any of the four provisions of G.S. 20-150.1. There was no evidence that the overtaken vehicles were in lanes designated for left turns. By its own wording the statute permits passing on the right "only under the following conditions." Therefore, since there is no showing that the defendant was passing pursuant to any of the provisions of G.S. 20-150.1, we feel that it was not prejudicial for the trial judge to charge on G.S. 20-150(c).

It may have well been proper for the trial judge to instruct that passing on the right when not sanctioned by G.S. 20-150.1 also constitutes negligence *per se* if found to be the proximate

cause of the collision. It is well established that in the absence of specific provisions in particular statutes which are susceptible of a contrary interpretation, the violation of a motor vehicle traffic regulation constitutes negligence *per se*. *Correll v. Gaskins*, 263 N.C. 212, 139 S.E. 2d 202 (1964); 1 Strong, N.C. Index 2d, Automobiles, § 7, p. 383. Therefore, the language in the trial judge's charge which implies that passing on the right is permitted outside the provisions of G.S. 20-150.1 was actually more favorable to the defendant than had the court charged on the provisions of G.S. 20-150.1. We do not perceive that defendant was prejudiced by this portion of the charge.

Defendant does not carry forth his eighth assignment of error in his brief and it is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

In this trial we find

No error.

Judges CAMPBELL and PARKER concur.