NATIONWIDE MUTUAL INSURANCE COMPANY v. AETNA LIFE AND CASUALTY COMPANY

No. 24

(Filed 14 March 1973)

**1. Insurance § 3— statute as part of policy**

The provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if written therein, and when the terms of the policy conflict with statutory provisions favorable to the insured, the provisions of the statute will prevail.

**2. Insurance § 88— automobile liability policy — exclusion of automobile used in automobile business — invalidity**

Provision of an owner's automobile liability policy excluding from coverage an owned automobile while used "in the automobile business" by any person other than the named insured and certain other persons is repugnant to the mandatory requirements of the Motor Vehicle and Financial Responsibility Act and is, therefore, invalid. G.S. 20-279.21.

**3. Insurance § 85— automobile liability policy — other automobiles — exclusion of use in automobile sales agency or service station —validity**

Provision of an owner's automobile liability policy excluding from coverage the use by the named insured of an automobile other than that described in the policy upon the occurrence of any accident arising out of the operation of "an automobile sales agency" or a "service station" is valid since the coverage furnished insured as to the use of "other" vehicles is in addition to the mandatory requirements of the Vehicle and Financial Responsibility Act and is therefore voluntary.

APPEAL by plaintiff from *Gambill, J.,* 31 July 1972, Civil Session of FORSYTH Superior Court.

This is a declaratory judgment action in which Nationwide Mutual Insurance Company (Nationwide) seeks determination of the respective coverages and liabilities of Nationwide, as insurer of Donald Ray Alexander (Alexander), and Aetna Life and Casualty Company (Aetna), as insurer of Gorrell Dean

Murphy (Murphy), arising out of injuries sustained by Joseph Scott Miller, a minor, on 21 November 1969.

Murphy, who was employed by Alexander, gave Alexander permission to use Murphy's 1965 Mercury automobile to pick up a school teacher so that she might obtain her car which was being serviced at the service station operated by Alexander. Alexander parked the Murphy automobile and left it unattended. The automobile rolled down the street onto a sidewalk, striking and injuring Joseph Scott Miller. Both the minor's father and the minor, by his next friend, instituted actions to recover damages growing out of the accident. Prior to trial, plaintiff and defendant settled the pending actions, each bearing one-half of the total cost of the settlement. Thereafter Nationwide instituted this action.

The policy issued by Aetna to Murphy, in effect at the time of the accident, provided coverage on the 1965 Mercury automobile owned by Murphy in part as follows:

" 'Persons Insured

The following are Insureds under Part I:

(a) With respect to the owned automobile:

(1) The named Insured and any resident of the same household.

(2) Any other person using such automobile with permission of the named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) . . . ' "

The policy also contained this exclusion:

" '(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named Insured, a resident of the same household as the named Insured, a partnership in which the named Insured or such resident is a partner, or any partner, agent or employee of the named Insured, such resident or partnership,' "

At the time of the accident there was in effect an auto-mobile liability policy issued by Nationwide to Alexander on a described automobile owned by him. This policy restricted cover-age when Alexander was driving an automobile other than the vehicle described in the policy in the following manner:

" 'This insuring agreement does not apply: . . . to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage, or public parking place;' "

At the time of the accident G.S. 20-279.21 provided:

"§ 20-279.21. 'Motor vehicle liability policy' defined.—

(a) A 'motor vehicle liability policy' as said term is used in this article shall mean an owner's or an operator's policy of liability insurance, certified as provided in § 20-279.19 or § 20-279.20 as proof of financial responsi-bility, and issued, except as otherwise provided in § 20-279.20, by an insurance carrier duly authorized to transact business in this State, to or for the benefit of the person named therein as insured.

(b) Such owner's policy of liability insurance:

(1) Shall designate by explicit description or by appro-priate reference all motor vehicles with respect to which coverage is thereby to be granted;

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful pos-session, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: Ten thousand dol-lars ($10,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, twenty thousand dollars ($20,000.00) be-cause of bodily injury to or death of two or more persons in any one accident, and five thousand dollars ($5,000.00)

because of injury to or destruction of property of others in any one accident; and

(3) . . .

\*   \*   \*   \*

(g) Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this article. With respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section."

Judge Gambill, sitting without a jury, heard the case on stipulated facts. After finding facts and reaching conclusions of law, he entered judgment in favor of defendant, Aetna. Plaintiff appealed to the North Carolina Court of Appeals, and on 16 January 1973 this Court allowed plaintiff's petition for writ of certiorari to the North Carolina Court of Appeals prior to determination.

*Hudson, Petree, Stockton, Stockton & Robinson by J. Robert Elster and James H. Kelly, Jr., Attorneys for plaintiff-appellant.*

*Robert R. Gardner, Attorney for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice by Grady Barnhill, Jr., attorney for defendant-appellee.*

BRANCH, Justice.

The primary purpose of the Motor Vehicle and Financial Responsibility Act of 1953, Article 9A, Chapter 20 of the General Statutes is to compensate the innocent victims of financially irresponsible motorists. The victim's right to recover against the insurer is not derived through the insured, as in cases of voluntary insurance, but under this Act his right to recover is statutory and becomes absolute upon occurrence of an injury covered by the policy. G.S. 20-279.21 (f) (1) ; *Jones v. Insurance Co.*, 270 N.C. 454, 155 S.E. 2d 118; *Insurance Co. v. Roberts*, 261 N.C. 285, 134 S.E. 2d 654.

One of the ways in which the Act attempts to accomplish its purpose is by requiring every owner or operator of a motor vehicle to prove his financial responsibility by acquiring an owner's insurance policy or an operator's insurance policy providing coverage in accordance with the statutory provisions. G.S. 20-279.19, 21.

An owner's policy protects the named insured and any person using the designated insured vehicle with the owner's permission. Such policy offers no protection for liability arising from the use of a vehicle not described in the policy. An operator's policy protects the named insured from liability arising out of the use of any vehicle. G.S. 20-279.21 (c) ; *Lofquist v. Insurance Company,* 263 N.C. 615, 140 S.E. 2d 12.

The policy issued by Aetna to Murphy was an owner's policy. Since the automobile described in the policy was being used by Alexander with Murphy's permission, the policy afforded protection to both Murphy and Alexander unless the exclusion relating to use of the automobile while engaged in the automobile business was valid.

Thus, determination of Aetna's liability rests upon the validity of the exclusion contained in its policy.

[1] It is well recognized in North Carolina that the provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if therein written, and when the terms of the policy conflict with statutory provisions favorable to the insured, the provisions of the statute will prevail. *Insurance Company v. Insurance Company,* 269 N.C. 341, 152 S.E. 2d 436; *Insurance Company v. Roberts, supra; Howell v. Indemnity Company,* 237 N.C. 227, 74 S.E. 2d 610; *Eckard v. Insurance Company,* 210 N.C. 130, 185 S.E. 671.

G.S. 20-279.21 (b) (2) provides that an owner's policy "*Shall* insure the person named therein and any other person, as insured, using any such motor vehicle . . . with the . . . permission of such named insured, . . . " (Emphasis ours.)

Defendant relies on *Insurance Company v. McAbee,* 268 N.C. 326, 150 S.E. 2d 496, as authority for its contention that the exclusionary provision in its policy is valid. In that case, James A. Queen (Queen) arranged to have his automobile repaired by Aubrey McAbee, trading as McAbee's Pine Grove Service Station. McAbee sent his agent, Ira Beach (Beach), to

bring the Queen automobile to McAbee's place of business to be repaired. The automobile was repaired and on the return trip an accident occurred which resulted in personal injuries to Emily Jean Perkins. Emily Jean Perkins, by her next friend, instituted an action for damages against Queen, Beach and McAbee. At the time of the accident, Nationwide Mutual Insurance Company (Nationwide) had issued a policy of insurance, which was in full force and effect, to Queen providing owner coverage against liability arising out of the use of the vehicle. The policy excluded coverage "to an owned automobile while used in the automobile business." At the time of the accident, there was also in effect a garage liability policy which was issued to McAbee's Pine Grove Service Station by Federated Mutual Implement and Hardware Insurance Company (Federated).

Nationwide refused to defend Beach and McAbee in the pending action, contending that it had no liability to Beach and McAbee because of the exclusion contained in its policy. The trial court held that both Nationwide and Federated were liable within the limits of their respective policies for the injuries resulting from the operation of the Queen automobile by Beach. Nationwide appealed.

This Court reversed the trial court and held that Nationwide had incurred no liability. The basis of the Court's holding was that the employee, Beach, was operating the vehicle in the automobile business and that the exclusion in Nationwide's policy operated to relieve Nationwide of liability.

Examination of the record and briefs in *McAbee* reveals that the declaratory action sought an interpretation of the language contained in Nationwide's exclusion. Nowhere do we find any mention of Article 9A of Chapter 20 of the General Statutes of North Carolina. The question of the validity of the exclusion in light of the Financial Responsibility Act was not raised by the parties and was not considered by the Court in reaching its decision. We, therefore, hold that *McAbee* is not authoritative as to the specific question here presented.

[2]  The exclusion in the Aetna policy purported to limit the coverage made mandatory by G.S. 20-279.21. This exclusion, being in derogation of the mandatory requirements of the statute, as well as unfavorable to the insured and contrary to the primary purpose of the Motor Vehicle Safety and Responsibility

Insurance Co. v. Casualty Co.

Act, is invalid. Thus, the Aetna policy issued to Murphy affords coverage both to Alexander and Murphy.

[3] We next consider the liability of Nationwide arising out of the accident by virtue of the policy issued to Alexander. This policy was also an owner's policy on a described automobile. It afforded protection against liability "arising out of the ownership, maintenance and use of *the* automobile." (Emphasis ours.)

The policy also provided coverage to the named insured while he was driving an automobile *other* than that described in the policy. However, it excluded protection as to the use of such other automobile upon the occurrence of "any accident arising out of the operation of an automobile sales agency, . . . service station . . . "

"Freedom of contract, unless contrary to public policy or prohibited by statute, is a fundamental right included in our constitutional guaranties. Constitution, Art. I, sec. 17; *Alford v. Insurance Co.*, 248 N.C. 224, 103 S.E. 2d 8; 12 Am. Jur. 641, 642."

*Muncie v. Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474.

The provisions of the Nationwide policy which insured against loss arising out of the ownership, maintenance or use of the described vehicle met the mandatory requirements of G.S. 20-279.21. The coverage furnished its insured as to the use of *other* automobiles was *in addition to* the mandatory statutory requirements and was therefore voluntary. *Woodruff v. Insurance Company*, 260 N.C. 723, 133 S.E. 2d 704; *Insurance Company v. Roberts, supra; Swain v. Insurance Company*, 253 N.C. 120, 116 S.E. 2d 482; *Howell v. Indemnity Company, supra.* Since this coverage was additional, or voluntary, the exclusion relating thereto is not subject to the requirements of G.S. 20-279.21. G.S. 20-279.21 (g).

The exclusion in the Nationwide policy issued to Alexander does not violate public policy and is not invalidated by the provisions of the Motor Vehicle and Financial Responsibility Act. Nationwide's exclusion, therefore, relieves it from liability under its policy issued to Alexander.

The judgment entered by the trial judge is vacated, and this cause is remanded to the Superior Court of Forsyth County for entry of judgment consistent with this opinion.

Reversed and remanded.