ALLSTATE INSURANCE COMPANY, Plaintiff v. MICHAEL LAHOUD, R.L.J., A MINOR, AND S.J. AS GUARDIAN AD LITEM FOR R.L.J., A MINOR, Defendants

No. COA03-964

(Filed 7 December 2004)

**Insurance— duty to defend and provide coverage—exclusion for intentionally harmful act—indecent liberties with a child—insured pled guilty in criminal case**

The trial court did not err by granting summary judgment in favor of plaintiff insurance company declaring that it had no duty to defend defendant in a civil suit and no obligation to provide insurance coverage for him based on an exclusion in the policy indicating that it would not apply to intentionally harmful acts or omissions even though defendant attempted to explain why he pled guilty to one count of taking indecent liberties with a child in the criminal case arising out of a car trip defendant took on 31 May 2001 with the minor victim and another child, because: (1) defendant's guilty plea established conclusively that he committed an intentionally harmful act; (2) an assertion that defendant entered a plea of guilty to avoid the possibility of an active prison sentence is not sufficient to rebut the effect on his guilty plea; and (3) defendant cannot create a genuine issue of material

fact simply by submitting his own affidavit contradicting his own prior sworn testimony and cannot now argue that the act may have been unintentional or negligent since the affidavit is self-serving.

Judge HUDSON concurring in part and dissenting in part.

Appeal by defendant Michael Lahoud from order entered 27 March 2003, by Judge W. Osmond Smith, III, in Wake County Superior Court. Heard in the Court of Appeals 22 April 2004.

*Wallace, Morris, Barwick, Landis, Braswell & Stroud, P.A., by P.C. Barwick, Jr., and Kimberly A. Connor, for plaintiff appellee.*

*George B. Currin; and Rudolf, Maher, Widenhouse, & Fialko, by M. Gordon Widenhouse, Jr., for Michael Lahoud defendant appellant.*

McCULLOUGH, Judge.

Defendant Michael Lahoud appeals the trial court's order which granted summary judgment for plaintiff Allstate Insurance Company. A brief summary of the facts follows.

Michael Lahoud went to Virginia on 31 May 2001 to examine a parcel of real estate that he was considering buying. Lahoud took R.L.J. and J.V. with him. R.L.J. was nine years old at the time. At some point during the drive, R.L.J. sat in the front passenger area of the vehicle. During this time, Lahoud allegedly fondled R.L.J.'s penis and buttocks.

Lahoud was charged with one count of taking indecent liberties with a child. The State allowed Lahoud to plead guilty to this charge in exchange for a suspended sentence, an apology to R.L.J., and payment of restitution for R.L.J.'s therapy. Lahoud feared that if he did not take the offer, he would be prosecuted in federal court and would be facing more severe charges and active prison time. In open court, he entered a plea of guilty to the charge of taking indecent liberties with a child.

On 25 February 2002, S.J. filed a civil complaint against Michael Lahoud for assault and battery and intentional infliction of emotional distress. The complaint alleged that Lahoud sexually assaulted R.L.J. while on the trip to Virginia. Subsequently, the

complaint was amended to include a claim for negligent infliction of emotional distress.

On 29 July 2002, plaintiff Allstate Insurance Company sought a declaratory judgment action to determine its rights, duties, and obligations to defendant. Previously, plaintiff had issued a personal umbrella policy to defendant that was in effect from 20 October 2000 until 20 October 2001. The issues were whether Allstate had a duty to defend Lahoud in the civil suit and whether it had to provide insurance coverage for him.

On 30 December 2002, plaintiff filed a motion for summary judgment. The trial court granted plaintiff's motion for summary judgment. It determined that the policy provided no coverage for any of the matters alleged in the underlying complaint, and plaintiff Allstate had no duty to defend Lahoud in that action. Defendant appeals.

On appeal, defendant argues that the trial court erred by granting the motion for summary judgment because there were genuine issues of material fact regarding Allstate's duty to defend Lahoud and its obligation to provide insurance coverage for him. We disagree and affirm the decision of the trial court.

## I. Standard of Review

The standard of review on appeal from a summary judgment ruling is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 393-94, 499 S.E.2d 772, 775 (1998). "The moving party bears the burden of showing the lack of [a] triable issue of fact." *Id.* at 394, 499 S.E.2d at 775. "The evidence is to be viewed in the light most favorable to the nonmoving party." *Id.*

## II. Issue on Appeal

The issue on appeal is whether Allstate has a duty to defend Lahoud and whether the insurance policy provides coverage under the circumstances of this case. Lahoud contends that there is a genuine issue of material fact regarding whether his acts were intentionally harmful. Allstate argues that defendant's guilty plea in the criminal case establishes conclusively that he committed an intentional act. We agree that the outcome of this case hinges on the applicability of the exclusion section of the policy.

Provisions in an insurance policy which extend coverage to the insured must be construed liberally to allow coverage whenever possible. *Erie Ins. Exch. v. St. Stephen's Episcopal Church*, 153 N.C. App. 709, 712, 570 S.E.2d 763, 765 (2002). However, exclusionary provisions are disfavored, and if ambiguous, they will be construed against the insurer and in favor of the insured. *Id.* The cases which have interpreted insurance coverage exclusions are varied, and the individual facts of each case often determine the outcome. *Id.* at 712, 570 S.E.2d at 766. The insurer bears the burden of proving that an exclusion is applicable. *Insurance Co. v. McAbee*, 268 N.C. 326, 328, 150 S.E.2d 496, 497 (1966).

In the section "General Exclusions-When This Policy Does Not Apply," Allstate excludes from coverage "any intentionally harmful act or omission of an **insured**[.]" Thus, in order for the exclusion to apply, Allstate had to prove that defendant's acts were *intentionally harmful.*

Our appellate courts have considered cases in which insurance policies excluded coverage for bodily injury that was "expected or intended" from the standpoint of the insured. In *Nationwide Mutual Ins. Co. v. Abernethy*, 115 N.C. App. 534, 536, 445 S.E.2d 618, 619 (1994), this Court considered the "expected or intended" language in the context of a child molestation charge. There, Robert Abernethy, a music teacher, was accused of sexually abusing one of his students. *Id.* at 535, 445 S.E.2d at 618. Abernethy pled guilty to the charge of taking indecent liberties with children. *Id.* at 535, 445 S.E.2d at 618-19. In a subsequent civil trial, the issue was whether Nationwide was required to provide coverage for Abernethy. *Id.* at 535, 445 S.E.2d at 619. Abernethy's position was that "he did not intend or expect to cause injury . . . when committing the acts of sexual abuse." *Id.* at 537, 445 S.E.2d at 619.

The *Abernethy* Court rejected this argument because "Abernethy's deeds and subsequent admission that he wilfully sexually abused Lowery establish that, at the very least, Lowery's injuries were 'expected' by Abernethy as that term is used in the policy." *Id.* at 540, 445 S.E.2d at 621. The Court noted that Abernethy pled guilty to the charge of taking indecent liberties with children in violation of N.C. Gen. Stat. § 14-202.1. *Id.* at 538, 445 S.E.2d at 620. The Court further explained:

> The statute prescribes as an element of the offense that the defendant's acts be "willful." "Willful" has been defined *inter alia*

as "done deliberately: not accidental or without purpose: intentional, self-determined." Webster's Third New International Dictionary 2617 (1968). In summary, defendant has admitted he *intentionally* committed acts of *sexual abuse. See State v. Thompson,* 314 N.C. 618, 624, 336 S.E.2d 78, 81 (1985) (a guilty plea is an admission that defendant committed each element of the crime). In light of this acknowledgment, we conclude he "knew it was probable" that Lowery's injuries would ensue and thus "expected or intended" those injuries.

*Id.* at 538, 445 S.E.2d at 620. The *Abernethy* Court therefore noted that the guilty plea and admission of intentional acts of sexual abuse were sufficient to show that Abernethy knew it was probable that injury would ensue.

Although *Abernethy* is instructive, it is important to recognize how it is different from the present case. The exclusionary language in *Abernethy* was broader because it denied coverage for injuries that were "expected or intended." In contrast, the exclusionary language in the present case is more narrow. Here, Allstate must show that Lahoud's acts were "intentionally harmful."

This case turns on whether Lahoud's guilty plea established conclusively that he committed an intentionally harmful act. In *Commercial Union Ins. Co. v. Mauldin,* 62 N.C. App. 461, 463, 303 S.E.2d 214, 216 (1983), this Court considered the same exclusionary language as it did in *Abernethy*: whether the injury was expected or intended. However, the majority opinion interpreted this language broadly:

There is no ambiguity in the sentence "[This policy does not apply] to bodily injury or property damage which is either expected or intended from the standpoint of the insured." The sentence obviously means that the policy is excluding from coverage bodily injury caused by the insured's intentional acts, determining whether the act is intentional from the insured's point of view.

*Id.*

In *Mauldin,* an insured intended to shoot his wife, but inadvertently killed another person. *Id.* at 461, 303 S.E.2d at 215. This Court held that the insured's guilty plea to second degree murder "was an admission that he had the general intent to do the act, and it excluded him from coverage under the insurance policy." *Id.* at 464, 303 S.E.2d

at 217. The Court also alluded that the injury was "expected" from the standpoint of the insured because the insured "obviously knew it was probable that he would hit [the victim] when he fired four or five shots into her moving car." *Id.* Thus, the majority opinion indicates that coverage was not available, and it cites both the intentional and expected prongs of the exclusion clause.

Judge Becton wrote a concurring opinion in *Mauldin* because he disagreed that the guilty plea conclusively established intent to commit bodily injury. *Id.* at 465, 303 S.E.2d at 217. Although he agreed with the final result, Judge Becton believed that the decision should be based solely on the "expected" prong of the policy exclusion. *Id.* More importantly, Judge Becton forecasted the dilemma we face in the present case:

> Although it is true that a guilty plea in a criminal action may properly be admitted into evidence in a related civil proceeding as an admission against interest, such a plea is not, in my view, determinative of the ultimate factual question in a civil suit. Experienced members of both the bench and bar are aware that pleas are entered for many different reasons. The most common is the most pragmatic: the sobering realization that in many criminal cases a plea of not guilty is a game of chance. The defendant has no control over the dice, and the stakes comprise his freedom.

*Id.*

Although we admire Judge Becton's foresight in identifying this issue, we are mindful that Judge Becton's concurrence is not the law in North Carolina. Rather, the majority opinion is controlling because it has not been reversed or overruled. That decision determined that defendant's guilty plea "was an admission that he had the general intent to do the act, and it excluded him from coverage[.]" *Id.* at 464, 303 S.E.2d at 217.

In the present case, defendant articulates a position that mirrors the rationale cited in Judge Becton's concurring opinion. Defendant states that he agreed to plead guilty to one count of taking indecent liberties with a child because he was afraid that he would be prosecuted in federal court and would face more severe charges, including active prison time.

This argument is not persuasive because a federal case upon which the majority in *Mauldin* relied rejected a similar argument. In

*Stout v. Grain Dealers Mutual Insurance Company*, 307 F.2d 521 (4th Cir. 1962), the Court noted that "[i]n this action [defendant insured] asserted that he entered such a plea not because of guilt but to avoid the possibility of an active prison sentence." *Id.* at 525. "Such an assertion is not sufficient to rebut the effect of his plea of guilty[.]" *Id.*

In the present case, we believe that the exclusion applies because plaintiff presented sufficient evidence showing that defendant's actions were intentionally harmful. Defendant was accused of taking indecent liberties with a minor. He pled guilty to the charge, accepted responsibility, and made the following statement: "I would like to apologize to the young man who is the victim and his family. He has done nothing wrong. I am completely responsible and I am sorry." As was the case in *Mauldin*, the guilty plea established that defendant had the intent to commit the act.

Furthermore, defendant cannot create a genuine issue of material fact simply because he submitted his own affidavit now arguing that the act may have been unintentional or negligent. Like his other actions throughout these proceedings, defendant's submission of this affidavit is self-serving. When he feared prosecution in federal court and active prison time, defendant pled guilty in the criminal trial and took responsibility for his actions. However, in a subsequent civil proceeding in which the victim sought over $10,000.00 in compensatory damages and over $10,000.00 in punitive damages, defendant denied committing an intentional act of sexual abuse. Defendant's motive is clear; he hopes to trigger coverage by recasting his admitted intentional acts as accidental. However, we will not allow this defendant to take advantage of our legal system by claiming different things to different courts.

It is well settled that a nonmovant may not generate a conflict simply by filing an affidavit contradicting his own sworn testimony where the only issue raised is credibility. The issue is not whether the underlying facts as testified to by Lahoud might have supported a jury verdict that he was merely negligent, but whether his affidavit and deposition contradicting earlier testimony in court is sufficient to create an issue of fact. We conclude that although Lahoud's account of the underlying fact situation might, in other circumstances, be enough to defeat summary judgment, once Allstate supported its summary judgment motion with Lahoud's sworn testimony, Lahoud can only defeat summary judgment on the issue of his intentional acts

by producing evidence *other than his own affidavit or deposition contradicting his own testimony.*

This rule was followed recently in *Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 86, 590 S.E.2d 15, 19 (2004):

> In his affidavit filed in response to defendants' motions to dismiss, Mr. Belcher stated that defendants caused damage . . . . However, considering plaintiff's prior admissions in his deposition, this affidavit alone is insufficient to create an issue of material fact to overcome summary judgment. *See Wachovia Mortg. Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 9, 249 S.E.2d 727, 732 (1978) (stating that a non-moving party cannot create an issue of fact to defeat summary judgment simply by filing an affidavit contradicting his prior sworn testimony).

In the leading case cited above, this Court explained:

> The question thus presented for our review is whether a party opposing a motion for summary judgment by filing an affidavit contradicting his prior sworn testimony has "set forth specific facts showing that there is a genuine issue for trial" as required by G.S. § 1A-1, Rule 56(e). We think a party should not be allowed to create an issue of fact in this manner and thus hold that *contradictory testimony contained in an affidavit of the nonmovant may not be used by him to defeat a summary judgment motion* where the only issue of fact raised by the affidavit is the credibility of the affiant.

*Mortgage Co. v. Real Estate, Inc.*, 39 N.C. App. 1, 9, 249 S.E.2d 727, 732 (1978) (emphasis added).

We are unable to distinguish the present case from the cited cases. Here, the movant (Allstate) supported its summary judgment motion with sworn testimony, and Lahoud produced only his affidavit and deposition refuting his earlier plea testimony that he did, in fact, act willfully. Lahoud, the nonmovant, may not generate a conflict simply by filing an affidavit contradicting his earlier sworn testimony.

As was the case in *Abernethy*, we recognize that it is the victim who suffers the most from this entire ordeal. *Abernethy*, 115 N.C. App. at 540, 445 S.E.2d at 621. While we are sympathetic to the victim's situation, we must conclude that the exclusion to the insurance policy applies to the present case. The language of the exclusion is unambiguous, and through his intentional actions, defendant placed

**ALLSTATE INS. CO. v. LAHOUD**

[167 N.C. App. 205 (2004)]

himself outside the area of coverage. Because there is no genuine issue of material fact, the trial court acted appropriately in granting summary judgment for Allstate. The decision is

Affirmed.

Judge LEVINSON concurs.

Judge HUDSON concurring in part and dissenting in part.

HUDSON, Judge, concurring in part and dissenting in part.

The majority here affirms the grant of summary judgment to the plaintiff insurer. I agree with the majority's analysis of the policy language, and the distinction drawn between this case and *Abernethy*, to the effect that the allegations of the complaint include claims which are potentially covered by the policy. However, I conclude that the defendants have presented a forecast of evidence raising genuine issues of material fact as to whether those claims are covered. I do not agree that either *Commercial Union Ins. Co. v. Mauldin*, 62 N.C. App. 461, 463, 303 S.E.2d 214, 216 (1983) or *Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 590 S.E.2d 15 (2004), applies here. Instead, I believe we are bound by the three cases cited by defendants, which hold that one may explain a previous guilty plea in a related civil case. Thus, I dissent on this issue, and vote to reverse and remand for trial.

As the majority notes, Paragraph 8 of the Exclusion provisions of the policy indicates that it will not apply to "intentionally harmful" acts or omissions. Thus, if Lahoud's conduct was accidental or negligent, but he intended no harm, the policy could provide coverage. The depositions and affidavits explicitly contend that the disputed conduct was "negligent or unintentional," and that he "did not intend or expect to cause harm or injury."

Lahoud's deposition and affidavit create the issue of fact, when viewed with the other documents, including the prior guilty plea, in the light most favorable to Lahoud. The cases cited by defendant, which are not mentioned by the plaintiff in its brief, or by the majority, clearly establish that, while a guilty plea is admissible in a civil proceeding involving a related matter, it is not conclusive. In support of this proposition, defendant cites three cases: *Boone v. Fuller*, 30 N.C. App. 107, 226 S.E.2d 191 (1976); *Teachey v. Woolard*, 16 N.C. App. 249, 191 S.E.2d 903, *cert. denied*, 282 N.C. 430, 192 S.E.2d 840

(1972); *Grant v. Shadrick*, 260 N.C. 674, 133 S.E.2d 457 (1963). Plaintiff cites no authority to the contrary, and, indeed does not attempt to distinguish these cases, which do clearly hold as defendant contends. For example, this Court stated, relying on *Grant*, that "evidence that a defendant entered a plea of guilty to a criminal charge arising out of [an incident] . . . is generally admissible in a civil trial for damages arising out of the same [incident], although it is not conclusive and may be explained." *Teachey*, 16 N.C. App. at 252, 191 S.E.2d at 906. None of these cases have been overruled or reversed, and as such are binding on this Court. Applying these cases here, I conclude that the deposition testimony and affidavits explaining the plea are sufficient to create genuine issues of material fact as to whether Lahoud committed any acts or omissions affecting the minor, and, if so, whether such conduct was accidental or negligent.

The majority relies upon *Commercial Union*, which relied on a case from the Fourth Circuit. The federal case, *Stout v. Grain Dealers Mutual Insurance Company*, 307 F.2d 521 (4th Cir. 1962), is not binding on this Court in light of the more recent decisions of this Court and the North Carolina Supreme Court, cited above.

More important, however, is that *Commercial Union* is clearly distinguishable from the case here. As the majority notes, the issue there was whether an insurance policy covered conduct by a Mr. Wilmoth, or whether the conduct was excluded as "intended" bodily injury. Wilmoth previously pled guilty to second-degree murder for the shooting at issue. This is where the similarity ends. Here, the issue arises because Lahoud explained his prior guilty plea in his affidavit and deposition, as the cases hold that he may, thus creating a factual issue as to whether his conduct was accidental. On the contrary, in *Commercial Union*, Wilmoth made no attempt to explain his prior guilty plea, and in fact *stipulated that he intended to shoot* a victim. Thus, the issue was not whether intent was an issue of fact, but simply whether the policy language on its face could be construed to cover the stipulated conduct.

The *Belcher* case, also relied upon by the majority, is clearly distinguishable as well. Mr. Belcher was a plaintiff in a civil case alleging unfair trade practices. In his deposition in the case, he admitted he suffered no damages, thus establishing the absence of an element of his claim. Later, in an affidavit opposing summary judgment *in the same case*, he contradicted himself on this point in an attempt to

create an issue of fact on this element. This Court held, consistent with earlier decisions, that the plaintiff in a civil case may not defeat summary judgment by simply contradicting himself in an attempt to create a genuine issue of fact.

Here, unlike in either *Commercial Union* or *Belcher*, Lahoud presented testimony and an affidavit to explain his prior guilty plea, as our appellate Courts have held he may do. He did not stipulate to intentional conduct, as in *Commercial Union*, nor did he contradict his own previous sworn statements in the same civil case, as in *Belcher*. Because I believe that these cases do not apply and that we are bound to follow *Boone, Teachey,* and *Grant,* I respectfully dissent.

Accordingly, I would reverse the grant of summary judgment and remand for trial.