BROOKE HUBBARD, AND HER HUSBAND, TODD HUBBARD, PLAINTIFFS v. PAMELA DAVIS FEWELL, JANE DOE, AND LABORATORY CORPORATION OF AMERICA, DEFENDANTS

No. COA04-1072

(Filed 7 June 2005)

## Negligence— partial summary judgment—contradictory affidavit

The trial court erred by granting partial summary judgment for plaintiff on a negligence claim based solely on defendant's contradictory affidavit, because there was additional evidence beyond defendant's affidavit which established a genuine issue of material fact as to defendant's alleged negligence on the date in question including a second affidavit submitted by a human resources specialist who confirmed defendant's personal affidavit that she was present at work on the date in question.

Appeal by defendants Pamela Davis Fewell and Laboratory Corporation of America from an order entered 23 June 2004 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 9 March 2005.

*John H. Anderson for plaintiff-appellees.*

*Ellis & Winters, L.L.P., by Richard W. Ellis and Alex J. Hagan, for defendant-appellants Pamela Davis Fewell and Laboratory Corporation of America.*

HUNTER, Judge.

Pamela Davis Fewell ("defendant") and Laboratory Corporation of America ("LabCorp"), also a defendant in this action, appeals from an order, dated 23 June 2004, granting partial summary judgment. As an issue of material fact existed as to defendant's negligence, we find the trial court erred in granting partial summary judgment.

In 2001, Brooke and Todd Hubbard ("plaintiffs") sought pre-conception counseling from Dr. James Tomblin ("Dr. Tomblin"), a member of Physicians for Women of Greensboro ("PWG"). Plaintiffs were concerned as to whether Mrs. Hubbard was a carrier for hemophilia because of her family history. Dr. Tomblin ordered a hemophilia screen, and blood was drawn from Mrs. Hubbard on 17 September 2001 for this purpose. However, the blood work was not submitted until 18 September 2001 for testing by LabCorp, the company contracted to perform the analysis. The results of a Factor VIII test performed on the blood indicated that Mrs. Hubbard was not a carrier for hemophilia, and this information was relayed by PWG to plaintiffs. Relying on this knowledge, plaintiffs subsequently conceived and gave birth to a son who was diagnosed with hemophilia.

Plaintiffs brought suit against Dr. Tomblin and PWG for wrongful conception. During the course of that litigation, which was subsequently settled, plaintiffs obtained an affidavit and deposition from defendant. Defendant was employed by LabCorp as a phlebotomist in September 2001, and worked on-site at PWG. Defendant was not a party to the action brought against Dr. Tomblin.

In her affidavit, dated 17 April 2003, and later deposition testimony on 1 July 2003, defendant stated that she was absent from work on 17 September 2001. Defendant indicated that after returning to work on 18 September 2001, she was contacted by LabCorp regarding the missing blood work. Defendant stated she located the blood samples in the refrigerator, performed the required preparation of such samples as required by LabCorp's manual for a Factor VIII test, reprinted the request form, and placed the sample on dry ice for delivery to LabCorp.

On 2 January 2004, plaintiffs filed an action against defendant, LabCorp, and Jane Doe, an unknown phlebotomist, for medical negligence, negligent infliction of severe emotional distress, intentional infliction of severe emotional distress, fraudulent misrepresentation, punitive damages, breach of contract, and unfair and deceptive prac-

tices. Plaintiffs moved for partial summary judgment as to defendant's negligence, based on her prior affidavit and deposition in the lawsuit against Dr. Tomblin.

Defendant responded by submitting two affidavits in opposition to the motion for partial summary judgment. In a personal affidavit dated 18 May 2004, defendant stated that, upon reflection and investigation prior to the filing of the suit against her, she had determined that she was not absent from work on 17 September 2001, that she had performed the blood test on Mrs. Hubbard, and, as was her custom and practice, that she would have centrifuged the blood and quick frozen it immediately as required by LabCorp's manual. She further stated that she recalled discovering the next morning that the courier had not picked up the frozen blood in its dry ice container, and called LabCorp for it to be picked up after rewriting the order.

Defendant also presented to the trial court an affidavit, dated 21 May 2004, from Anjanette Greeson ("Greeson"), a human resources specialist for LabCorp. Greeson stated that employment records showed defendant was not absent from work on 17 September 2001.

After a hearing on 24 May 2004 on the motion, the trial court granted partial summary judgment as to defendant's negligence on the grounds that her contradictory affidavit could not be used to defeat a summary judgment motion. Issues of causation and damages were reserved for trial. Defendant and LabCorp appeal.

We initially note that plaintiff's motion to dismiss the appeal as interlocutory was denied by this Court on 9 September 2004, and that, as a matter of substantial right, this appeal is properly before us for review.

Defendant contends the trial court erred in granting partial summary judgment based solely on defendant's contradictory affidavit. We agree.

In *Mortgage Co. v. Real Estate, Inc.*, 39 N.C. App. 1, 249 S.E.2d 727 (1978), *aff'd per curiam by an equally divided court*, 297 N.C. 696, 256 S.E.2d 688 (1979), this Court held that a nonmovant party may not defeat a motion for summary judgment solely by filing an affidavit contradicting personal prior sworn testimony, so that the only material fact is the credibility of the affiant. *Mortgage Co.*, 39 N.C. App. at 9, 249 S.E.2d at 732. Although this decision was affirmed by a split decision of our Supreme Court, and thus has no preceden-

tial value, *see Mortgage Co.*, 297 N.C. at 697, 256 S.E.2d at 689, this Court has subsequently applied and clarified the rule first set out in *Mortgage Co.*

In *Allstate Ins. Co. v. Lahoud*, 167 N.C. App. 205, 605 S.E.2d 180 (2004), this Court again addressed the issue of whether a contradictory affidavit would create an issue of material fact sufficient to defeat a motion for summary judgment. In *Allstate*, the defendant had previously pled guilty to a criminal act. *Id.* at 206, 605 S.E.2d at 182. A civil case predicated upon the same facts was brought against the defendant, and the defendant's insurer sought a declaratory judgment as to its obligations to the defendant, and moved for summary judgment. *Id.* The defendant contended summary judgment was not proper, as a material issue of fact existed as to whether his acts were intentionally harmful and therefore not covered by the policy. *Id.* In support, the defendant submitted an affidavit suggesting that the act might have been unintentional or negligent. *Id.* at 211, 605 S.E.2d at 184. The *Allstate* Court noted that it was well settled that "a non-movant may not generate a conflict simply by filing an affidavit contradicting his own sworn testimony where the only issue raised is credibility." *Id.* at 211, 605 S.E.2d at 185. However, *Allstate* further clarified this rule, stating that:

> The issue is not whether the underlying facts as testified to by [the defendant] might have supported a jury verdict that he was merely negligent, but whether his affidavit and deposition contradicting earlier testimony in court is sufficient to create an issue of fact. We conclude that although [the defendant's] account of the underlying fact situation might, in other circumstances, be enough to defeat summary judgment, once [the plaintiff] supported its summary judgment motion with [the defendant's] sworn testimony, [the defendant] can only defeat summary judgment on the issue of his intentional acts by producing evidence *other than his own affidavit or deposition contradicting his own testimony.*

*Id.*

We note a substantial difference between the circumstances of *Allstate* and the case at bar. In *Allstate*, the defendant's contradictory affidavit provided the sole evidence of a material issue of fact. Summary judgment was therefore properly granted, as only an issue of credibility was created by the contradictory affidavit.

Here, defendant submitted two affidavits. First, defendant submitted a personal affidavit which contradicted her prior affidavit and deposition in stating that she, rather than an unknown third party, had worked on 17 September 2001 at PWG, and that she properly followed procedure in processing the sample. Standing alone, defendant's affidavit would fail to create a material issue of fact under *Allstate*, and might only raise an issue of credibility insufficient to defeat summary judgment. Defendant's personal affidavit, however, was corroborated by a second affidavit submitted by Greeson, the LabCorp human resources specialist, which confirmed defendant's personal affidavit that she was present at work on 17 September 2001.

Thus, as there was additional evidence beyond defendant's affidavit which established a genuine issue of material fact as to defendant's alleged negligence on the date in question, we find the trial court erred in granting partial summary judgment.

Reversed.

Judges McCULLOUGH and LEVINSON concur.