JERRY DEAN SIDDEN v. HENRY TAYLOR TALBERT by his GUARDIAN Ad LITEM, Lois S. TALBERT, AND RICHARD TAYLOR TALBERT

No. 7423DC664

(Filed 16 October 1974)

1. Automobiles § 58— turning right from left turn lane

In an action to recover for injuries received in a collision between plaintiff's motorcycle and defendants' car, the trial court properly denied defendants' motions for directed verdict where plaintiffs' evidence tended to show that defendants' vehicle was in an area marked by a traffic island indentation and designated for traffic making a left turn, and that defendant driver was giving a left turn signal immediately before he turned right and collided with plaintiff.

2. Automobiles § 90— passing statutes — instructions

The trial court properly instructed the jury on the statute prohibiting passing in an area marked by signs indicating that passing should not be attempted, G.S. 20-150(e), and the statute permitting passing when an overtaken vehicle is in a lane designated for left turns, G.S. 20-150.1(1), as those statutes bear on the issue of plaintiff's own negligence.

3. Automobiles § 90— "Do not pass" sign at intersection — instruction on purpose

The trial court properly instructed the jury that a "Do not pass" sign on the right at the approach of an intersection was to instruct vehicles not to make a passing movement to the left upon entering the intersection and did not apply to a vehicle continuing down the right lane past another vehicle which was located in the lane designated for making a left turn.

Sidden v. Talbert

4. **Evidence § 25— photographs — illustrative purposes — failure to instruct**

In the absence of a timely request, failure to instruct that a photograph was admitted for illustrative purposes only was not error.

APPEAL by defendants from *Osborne, Judge,* 11 April 1974 Session of District Court held in WILKES County.

Heard in Court of Appeals 4 September 1974.

Plaintiff instituted this action to recover for personal injuries and property damage sustained in a collision between the motorcycle he was riding and an automobile owned by defendant Richard Taylor Talbert and operated by his son Henry Taylor Talbert. The collision occurred about 12:30 a.m. on 13 May 1973 at the intersection of U. S. Highway 21 and rural paved road 1309 near Elkin, North Carolina.

The testimony of the investigating officer, Sergeant J. D. Blevins of the North Carolina Highway Patrol, showed that U. S. Highway 21 south of the intersection with rural road 1309 widens to twenty-four feet to allow two lanes of northbound traffic, one turning left and one going straight. The pavement is not marked. Similarly, north of the intersection, U. S. 21 widens to allow two lanes of southbound traffic. Both north and south of the intersection are traffic islands separating the traffic going in opposite directions. At the intersection there is an indentation in the island providing for traffic proposing to turn left. On the right shoulder approaching the intersection there is a "Do not pass" sign.

Plaintiff testified that on 13 May 1973, shortly after midnight, he was riding north on U. S. Highway 21. As he approached the intersection of U. S. 21 and rural road 1309, he saw defendant's automobile in the extreme left-hand portion of the northbound lane signalling for a left turn. Plaintiff continued straight ahead in the extreme right-hand portion of the road. Defendant suddenly without warning turned to the right into his path and collided with his motorcycle.

Defendant Henry Taylor Talbert testified that when the collision occurred he was on the right-hand side of the road, had signalled for a right turn, and was making the turn, but plaintiff attempted to pass on the right and struck his automobile.

Motions of the defendants for a directed verdict were denied, and the case was submitted to the jury upon the usual issues of negligence, contributory negligence, and damages.

From a verdict of the jury awarding plaintiff $5,000.00 for personal injuries and $500.00 property damage, and judgment based thereon, defendants have appealed to this Court.

*Franklin Smith for plaintiff appellee.*

*Finger and Park, by Daniel J. Park, for defendant appellants.*

BALEY, Judge.

Defendants assign as error the failure of the trial court to grant their motions for a directed verdict.

Upon defendants' motion for directed verdict "[a]ll the evidence which tends to support plaintiff's claim must be taken as true and considered in its light most favorable to plaintiff, giving [him] the benefit of every reasonable inference which legitimately may be drawn therefrom. . . . Contradictions, conflicts and inconsistencies are resolved in plaintiff's favor. (Citations omitted.)" *Bowen v. Gardner*, 275 N.C. 363, 365-66, 168 S.E. 2d 47, 49. *Miller v. Enzor*, 17 N.C. App. 510, 195 S.E. 2d 86, *cert. denied*, 283 N.C. 393, 196 S.E. 2d 296.

[1] Applying this standard it seems clear that this is a case for the jury. From the evidence of plaintiff, the vehicle of defendants was in an area marked by a traffic island indentation and designated for traffic making a left turn, and defendant Henry Taylor Talbert was giving a left turn signal immediately before he turned right and collided with plaintiff. The testimony of the parties was in direct conflict on this point. Credibility of witnesses is for the jury. *Cutts v. Casey*, 278 N.C. 390, 421, 180 S.E. 2d 297, 314. The motions for directed verdict were properly overruled.

[2] Defendants also assign as error the court's instructions to the jury, specifically the portions dealing with G.S. 20-150.1 and G.S. 20-150(e) as these statutes bear on the issue of plaintiff's own negligence. G.S. 20-150(e) states: "The driver of a vehicle shall not overtake and pass another on any portion of the highway which is marked by signs or markers placed by the Board of Transportation stating or clearly indicating that passing should not be attempted." Passing on the right is per-

mitted only under certain conditions, among them "[w]hen the vehicle overtaken is in a lane designated for left turns. . . ." G.S. 20-150.1(1).

We have carefully examined the charge of the court with respect to these statutes and the evidence in this case and find it to be proper in all respects. The evidence concerning the construction of the road with its widened approach to the intersection and the presence of traffic islands with indentations for traffic turning left at the intersection was undisputed. If the vehicle of the defendant was found by the jury to have been in the left lane at the traffic island indentation immediately prior to the collision, he would clearly have been "in a lane designated for left turns." Defendant relies upon *Teachey v. Woolard,* 16 N.C. App. 249, 191 S.E. 2d 903, which is factually distinguishable. In *Teachey* there was no evidence that the overtaken vehicles were in lanes designated for left turns.

[3] The charge of the court that the "Do not pass" sign on the right at the approach to the intersection was to instruct vehicles not to make a passing movement to the left upon entering the intersection, and did not apply to a vehicle continuing down the right lane past another vehicle which was located in the lane designated for making a left turn, was entirely proper and is approved. The purpose of the sign and the statute authorizing it is to prevent collisions with oncoming traffic or, as in this case, traffic islands. Under the interpretation urged by defendant, when a vehicle is in a lane designated for left turns and a sign says "Do not pass," no following traffic may proceed through the intersection until the lead vehicle has actually turned. We do not consider such a result to be envisioned by the legislature and are in accord with the interpretation placed upon the statute by the trial court.

[4] Defendants objected to the introduction of photographs showing injuries to the plaintiff. Concededly such photographs are not admissible as substantive evidence, 1 Stansbury, N. C. Evidence, (Brandis rev.), § 34, but they are admissible for the purpose of illustrating testimony and were so used by the plaintiff when he testified. In the absence of a timely request, failure to instruct that a photograph is admitted for illustrative purposes only is not error. *State v. Cade,* 215 N.C. 393, 2 S.E. 2d 7.

Defendants have presented thirty-two assignments of error most of which concern admissibility of evidence and the charge

of the court. We have carefully examined all the remaining assignments and find them to be without merit.

The defendants have had a fair trial. The jury has made its decision.

No error.

Judges BRITT and HEDRICK concur.