MAJORITY OF THE RESIDENTS OF MONGOLO SUBDI-
VISION OF WASHOE COUNTY, NEVADA, APPEL-
LANTS, v. CITY OF SPARKS, NEVADA, RESPONDENT.

No. 12953

October 16, 1981                               634 P.2d 466

*Johnson, Belaustegui, Robison & Adams,* Reno, for Appellants.

*Steven P. Elliott,* City Attorney, City of Sparks, for Respondent.

## OPINION

*Per Curiam:*

The respondent, City of Sparks, annexed the Mongolo Subdivision which is completely surrounded by the City. A majority of the residents, both in number and assessed valuation, obtained in the district court an order temporarily staying the City's annexation proceedings, which the court, acting upon the City's petition, later set aside. The residents have appealed that decision.

NRS 268.660(2) sets forth the statutory standards for the annexation of territory by a City where, as here, the property owners protest:

> 2. Annexation of territory to a city may be approved over any protest if:
> (a) The territory proposed to be annexed is entirely surrounded by such city and;
> (1) Does not exceed 40 acres in area; or
> (2) Is subdivided for residential, commercial or industrial purposes. . . .

The Mongolo Subdivision consists of 42.497 acres of land and it is divided into thirty-one lots of not less than one acre in size.

Since the Subdivision exceeds 40 acres, the only issue presented is whether the Subdivision is subdivided for "residential, commercial or industrial purposes." While the parties have stipulated that the Subdivision is completely surrounded by the City, appellants argue that the City may not annex the Subdivision because it is zoned A-1 First Agricultural under the

Washoe County Zoning Ordinance. However, the A-1 designation permits a variety of uses, including single family dwellings.[1]

There is nothing in the record to indicate any agricultural use of the property. The district judge found, and the record supports the finding, that "the area in question has become a residential community with no dispute that single family residences occupy the thirty-one lots." Appellants do not dispute this finding. They argue, however, that the property's agricultural character is fixed as a matter of law by its zoning classification. Respondent contends that the zoning classification is not conclusive, and that the actual use made of the land controls the purposes for which it is subdivided.

Appellants have cited us no authority in support of their position. The only decision which has considered the relationship between a parcel's zoning and its character for purposes of annexation has looked to the actual use of the land, and not its zoning classification. Thompson v. City of Salisbury, 211 S.E.2d 856 (N.C.App. 1975) (golf course is a commercial development although located on land zoned residential). Other jurisdictions, in construing a variety of state annexation statutes, have looked to the actual character of the land in determining the validity of an annexation. *See, e.g.,* Louallen v. Miller, 317 S.W.2d 710 (Ark. 1958); Webber v. City of Scottsbluff, 188 N.W.2d 814 (Neb. 1971). It is the actual use of the land, and not the possible uses permitted by the zoning ordinance, that controls the court's determination of the purpose for which the land is subdivided. *Thompson, supra.* The fact that the word "agriculture" appears in the caption of the zoning classification is not controlling.

Because the rule of law applied by the district judge was correct, and because Appellants do not challenge the court's factual finding that the actual use of the land is residential, we affirm the order of the district court.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[1] The relevant provisions of the zoning ordinance are:

*ARTICLE 6 A-1 First Agricultural*

A. Uses permitted on a lot or parcel of land having the required area and required width:

1. Single family dwellings of a permanent nature, and accessory buildings and uses thereto. . . .

[2] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const. art. 6, § 19; SCR 10.