SCOVILL MANUFACTURING COMPANY, INC., SCHRADER FLUID POWER DIVISION, HAYWOOD BARHAM, BETTY L. BARHAM, KENNETH COTTRELL, SHIRLEY COTTRELL, CLARA LEE DAVIS, WIDOW, SUZANNE MILLS ERSKINE, WAYNE ERSKINE, JOHN E. FINCH, ROSE S. FINCH, WILLIAM S. FORT, SARAH FORT, BETTY J. FRANKOW, DAVID M. FRANKOW, MANNIE K. JACKSON, EDWARD R. JACKSON, HARVEY M. JONES, JR., GERALDINE J. JONES, WALLACE E. LOOPER, CAROL H. LOOPER, JOHN G. MILLS, JR., WIDOWER, JOHN G. MILLS, III, JOANNA MILLS, WILLIAM R. MIMS, NANCY F. MIMS, A. K. MOORE, LINDA C. MOORE, AND MAE S. WITHERS, WIDOW v: THE TOWN OF WAKE FOREST, NORTH CAROLINA, THOMAS J. BYRNE, MAYOR AND MEMBER OF THE BOARD OF COMMISSIONERS OF THE TOWN OF WAKE FOREST, NORTH CAROLINA, AND FRED CHANDLEY, JOHN B. COLE, MRS. DESSIE HARPER, GUY G. HILL AND MISS AILEY YOUNG, MEMBERS OF THE BOARD OF COMMISSIONERS OF THE TOWN OF WAKE FOREST, NORTH CAROLINA

SCOVILL MANUFACTURING COMPANY, INC., SCHRADER-BELLOWS DIVISION, HAYWOOD BARHAM, BETTY L. BARHAM, KENNETH COTTRELL, SHIRLEY COTTRELL, CLARA LEE DAVIS, WIDOW, SUZANNE MILLS ERSKINE, WAYNE ERSKINE, JOHN E. FINCH, ROSE S. FINCH, WILLIAM S. FORT, SARAH FORT, MANNIE K. JACKSON, EDWARD R. JACKSON, HARVEY M. JONES, JR., GERALDINE J. JONES, WALLACE E. LOOPER, CAROL H. LOOPER, JOHN G. MILLS, JR., WIDOWER, JOHN G. MILLS, III, JOANNA MILLS, WILLIAM R. MIMS, NANCY F. MIMS, FRED S. DICKERSON, LINDA B. DICKERSON, GLADYS C. DICKERSON, WIDOW, JOSEPH MARION HARRISON, SHIRLEY D. HARRISON, CARL KEARNEY, LOIS KEARNEY, EVELYN R. KEARNEY v. THE TOWN OF WAKE FOREST, NORTH CAROLINA, THOMAS J. BYRNE, MAYOR AND MEMBER OF THE BOARD OF COMMISSIONERS OF THE TOWN OF WAKE FOREST, NORTH CAROLINA, AND FRED CHANDLEY, JOHN B. COLE, RUFUS H. FORREST, GUY G. HILL AND MISS AILEY YOUNG, MEMBERS OF THE BOARD OF COMMISSIONERS OF THE TOWN OF WAKE FOREST, NORTH CAROLINA

No. 8110SC963

(Filed 6 July 1982)

1. **Municipal Corporations § 2.2— annexation ordinance—utility easement characterized as industrial use—no error**

In an annexation proceeding, an area to be annexed which was comprised of a utility easement was properly classified as property in use for industrial purposes since the transmission of electrical power is an industrial activity for an urban use as described by G.S. 160A-36(c).

2. **Municipal Corporations § 2.1— annexation—characterizing property as six lots rather than one tract—proper**

In holding that 65.05% of the residential and undeveloped lots in an area to be annexed consisted of lots and tracts of five acres or less in size pursuant to G.S. 160A-36(c), the trial judge did not err in finding that one petitioner's

land was comprised of six separate lots rather than one tract of 9.5 acres where the estimates were based on recorded plats, tax maps and deeds, an aerial photograph, and personal observations of the land surveyor. G.S. 160A-42(1) and (2).

**3. Municipal Corporations § 2.1— metes and bounds of annexation area—described in ordinance—reference by court to description**

There was no merit to the petitioners' contention that the trial judge's order did not contain a "direct statement" that the ordinance described the external boundaries of the annexation area by metes and bounds, as required by G.S. 160A-37(e)(1), since the judge made repeated reference to the ordinance and its accompanying attachment which set out the metes and bounds description of the proposed annexation area.

**4. Evidence § 48.3— failure to object to qualification of expert**

Where petitioners failed to challenge the competency of the testimony of a licensed registered engineer and land surveyor, and where the record shows that the trial judge properly could have found the witness to be an expert, petitioners waived their objection and it will not be considered on appeal.

**5. Municipal Corporations § 2.1— annexation—use of planimeter in determining acreage—no showing of error over five percent**

In an annexation proceeding, petitioners failed to show error in a surveyor's testimony concerning his use of a planimeter in determining the acreage of the proposed annexation area since under G.S. 160A-42(1), the reviewing court shall accept the estimates unless petitioners show on appeal that such estimates are in error in the amount of five percent or more, and petitioners failed to do so.

**6. Municipal Corporations § 2.5— annexation—failure to show material injury**

In an annexation proceeding, petitioners failed to show that they will suffer material injury by reason of the proposed annexation where the record revealed that the grievances and feared injury by petitioners were primarily speculation that the increased services inuring to their property from the proposed annexation either would not materialize or would not be sufficient to offset any increase in their tax burden.

**7. Municipal Corporations § 2.2— failure to specify 60 percent of area subdivided into lots and tracts of five acres or less—sufficient compliance with all essential statutory provisions**

An ordinance concerning annexation did not comply with G.S. 160A-37(e)(1) which mandates that the ordinance shall contain specific findings that the area to be annexed meets the requirements of G.S. 160A-36 where it did not state that 60 percent of the net residential and undeveloped land in the proposed annexation area was subdivided into lots and tracts of five acres or less. However, the failure to comply with the statutory procedure did not result in its invalidation where there was substantial compliance with the statute in delineating the proposed annexation area and there was no reasonable probability that anyone had been or could have been misled.

**8. Municipal Corporations § 2.3— survey map incorrectly admitted into evidence — no request to limit use of exhibit**

    Although petitioners were correct that a survey map of the area to be annexed, which was not prepared under a court order, was incorrectly admitted into evidence, they failed to make a timely request at trial to limit the use of the exhibit, and there was no error.

APPEAL by petitioners from *Godwin, Judge.* Order entered 21 April 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 29 April 1982.

On 10 March 1977, the Board of Commissioners of the City of Wake Forest, a city with a population of less than five thousand, adopted its ordinance #77-3 purporting to annex certain described territory lying west of the corporate limits. Pursuant to G.S. 160A-38, petitioners filed a petition seeking review in Wake County Superior Court on 8 April 1977. By order dated 11 December 1978, the superior court remanded the matter to Wake Forest for amendment of the boundaries of the area to be annexed in order to comply with G.S. 160A-36(c). This Court subsequently affirmed the action of the trial court. *Scovill Manufacturing Company, Inc. v. Town of Wake Forest,* No. 7910SC229 (Unpublished Opinion dated 5 February 1980).

On 8 February 1979, within a period of three months after the order of remand was entered, the board of commissioners adopted ordinance #79-2 which amended the boundaries of the area to be annexed. On 9 March 1979, petitioners again sought review in superior court. From an order affirming the ordinance, petitioners appeal to this Court.

*Lake & Nelson, by Broxie J. Nelson, for corporate petitioner-appellant.*

*Harris & Harris, by Jane P. Harris, for individual petitioner-appellants.*

*Ellis Nassif and Manning, Fulton & Skinner, by Howard E. Manning and Howard E. Manning, Jr., for respondent-appellees.*

HILL, Judge.

Where the record upon judicial review of an annexation proceeding demonstrates substantial compliance with statutory re-

quirements by the municipality, the burden is placed on petitioners to show by competent evidence a failure to meet those requirements or an irregularity in the proceedings which resulted in material prejudice to their substantive rights. *Dunn v. City of Charlotte*, 284 N.C. 542, 201 S.E. 2d 873 (1974). The findings of fact of the superior court are binding on appeal if supported by competent evidence, even though there is evidence to the contrary. *Conover v. Newton*, 297 N.C. 506, 256 S.E. 2d 216 (1979).

Our review of the annexation proceedings in the present case leads us to conclude that Wake Forest's report and ordinance show *prima facie* full compliance with the applicable statutes. The burden is now on petitioners to show otherwise or prove a procedural irregularity which materially prejudiced their substantive rights.

[1] Petitioners first argue that the trial judge erred in finding that 9.03 acres of the area known as the "Carolina Power & Light Company [hereinafter referred to as CP&L] easement" are used for industrial purposes within the meaning of G.S. 160A-36(c). Although the easement is crossed by power lines, petitioners contend that since the area also is used for hunting and other similar activities, the land should be classified as woodlands and vacant area instead of designated as being in industrial use.

G.S. 160A-36(c) requires that the land proposed for annexation must be developed for "urban purposes," which is defined as an area that

> is so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, industrial, governmental or institutional purposes, consists of lots and tracts five acres or less in size.

Both the "use" test and the "subdivision" test must be met before an area can be classified as urban. *Lithium Corporation of America, Inc. v. Town of Bessemer City*, 261 N.C. 532, 135 S.E. 2d 574 (1964). Petitioners allege that modification of the amount of land qualifying under the "use" test would result in an inability to

meet the "subdivision" test, thus rendering the proposed annexation area ineligible for annexation.

The land in question consists of 12.32 acres, and the "CP&L easement" itself is 160 feet in width for its full length, running North to South, in the area to be annexed. The easement contains three separate electrical transmission lines and supporting structures, with pole lines carrying between 66,000 and 115,000 volts of electricity. CP&L patrols the easement three times a year by helicopter and once on foot. The entire tract is mowed with tractors and bush-hogs or on foot every three years unless more frequent servicing is necessitated. CP&L does not allow any activity on the easement which would interfere with the transmission lines or which would be subject to danger because of the lines. No structures such as houses or other buildings are allowed on the area covered by the easement. CP&L does permit certain activities on the land, such as hunting or golf, so long as they create no interference with its utilization of the easement or do not present a hazard.

We find no error in the trial judge's classification of the entire area comprising the "CP&L easement" as being in industrial use. Petitioners argue that strict construction of an annexation statute which is in derogation of a property right would require that the presence on the land of a concurrent activity which is not an eligible "use" for annexation purposes would necessarily bring about the reclassification of an otherwise qualified use. We do not agree.

Our Supreme Court has held that an area proposed for annexation is improperly classified as property in use for industrial purposes where there is no evidence that the land in question is being used either directly or indirectly for industrial purposes. *Southern Railway Co. v. Hook,* 261 N.C. 517, 135 S.E. 2d 562 (1964). When compliance with the statutory requirements is in doubt, the determination of whether an area is used for a purpose qualifying it for annexation will depend upon the particular facts of each case. *Cf. Lithium Corporation of America, Inc. v. Town of Bessemer City, supra* (municipal compliance with standards of G.S. 160-453.4(c)). Notwithstanding some rather ingenious arguments by petitioners, we find that the transmission of electrical power over this land by CP&L is an industrial activity for

an urban use. We hold that when an area, such as in the present case, is used for an active industrial purpose, the land is properly classified as in industrial use within the meaning of the annexation statute. *See Food Town Stores, Inc. v. City of Salisbury,* 300 N.C. 21, 265 S.E. 2d 123 (1980); *Adams-Millis Corp. v. Town of Kernersville,* 6 N.C. App. 78, 169 S.E. 2d 496, *cert. denied,* 275 N.C. 681 (1969). Petitioners have made no showing that any portion of the land comprising the easement was not actually being used by CP&L for an industrial purpose. There has been no showing that the extent of industrial use was insignificant as compared to any nonindustrial use. As a result, petitioners have failed to carry their burden to demonstrate a misclassification of the land by respondents. *Food Town Stores, Inc. v. City of Salisbury, supra.* We find no merit in petitioners' argument that respondents are estopped to have the proposed annexation area upheld as industrial since Wake Forest previously classified and advertised the property as "institutional." *Cf. Thompson v. City of Salisbury,* 24 N.C. App. 616, 211 S.E. 2d 856, *cert. denied,* 287 N.C. 264, 214 S.E. 2d 436 (1975) (acreage zoned residential was properly classified under annexation statute as commercial). This assignment of error is overruled.

[2] Petitioners also argue that the proposed annexation area fails to meet the "subdivision" test of G.S. 160A-36(c). In holding that 65.05% of the residential and undeveloped lots in the area consisted of lots and tracts of five acres or less in size, the trial judge found that land owned by petitioner Cottrell was comprised of residential property, two lots containing less than five acres in the aggregate and four separate undeveloped tracts of five acres or less. Petitioners argue that the judge should have considered the Cottrell property as one tract of 9.5 acres because the land was purchased as a whole, is now used and regarded by the owners as a single entity, and is treated for tax purposes as an entire unit. We find no error.

The determination of what constitutes a lot or tract in making an appraisal of an area to be annexed can be reached by any method "calculated to provide reasonably accurate results." G.S. 160A-42. *Cf. Adams-Millis Corp. v. Town of Kernersville, supra* (applying land estimate requirements under former G.S. 160-453.10). In the present case, testimony was presented that estimates of this land were based on recorded plats, tax maps and

deeds, an aerial photograph, and personal observations of the land surveyor. *See* G.S. 160A-42(1) & (2). It appears from the evidence before us that the Cottrell property consists of six adjoining lots with a residence located on one lot and associated landscaping on another. The methods utilized by respondent in appraising this land for annexation—counting separate numbered lots as individual units and considering adjoining lots used for a single purpose as one tract—are procedures specifically approved by this Court in *Adams-Millis Corp.* We hold that the lots in question were properly classified.

[3] Petitioners would have us find error in the lack of a "direct statement" in the trial judge's order that the ordinance described the external boundaries of the annexation area by metes and bounds, as required by G.S. 160A-37(e)(1), even though in his findings the judge made repeated reference to the ordinance and its accompanying attachment which set out the metes and bounds description of the proposed annexation area. A true copy of the annexation ordinance with the attached metes and bounds description was introduced at trial by respondents and is included in this record on appeal. We find no merit in petitioners' argument. Although petitioners next argue that the metes and bounds description is shown to be inaccurate by certain testimony presented in the record, we find sufficient competent evidence to support the description in substantial compliance with the statutory requirements. *See Conover v. Newton, supra.* This assignment of error is overruled.

Petitioners next contend that the trial judge erred in excluding certain testimony of their witness, Glenn D. Ward, who was stipulated to be an expert civil engineer and land surveyor. The testimony in question pertained to the amount of acreage in the "CP&L easement", along with the effect on the proposed annexation if the acreage concurrently used by the golf course were excluded, and the effect of treating the Cottrell property as one lot. Inasmuch as we have concluded that the entire "CP&L easement" was properly classified as in industrial use and that the judge properly classified the Cottrell property into several lots, the exclusion of this testimony will not be held prejudicial.

Petitioners argue that the trial judge erred in overruling their objections to certain testimony by respondents' witness,

James S. Murphy, stipulated to be an expert land surveyor. Although petitioners now object, on grounds of hearsay, to Murphy's verification of his testimony by reference to exhibits he did not personally prepare, since no objection was made at trial, these arguments may not be raised for the first time on appeal. *State Bar v. Combs*, 44 N.C. App. 447, 261 S.E. 2d 207, *disc. rev. denied*, 299 N.C. 740, 267 S.E. 2d 663 (1980). We also find no error in this witness's explanation of the retracement of the coordinate points since this testimony was merely a description of the procedures used in his work. We find no merit in petitioners' argument that their cross-examination of the witness and further testimony by another witness revealed defects in Murphy's description. Such inaccuracies would go merely to the weight of the testimony and not its admissibility. Again, since no objection was presented at trial, we find no error in the fact that the testimony of this witness was not elicited by hypothetical examination. *Id.* We therefore find no merit in petitioners' arguments.

[4, 5] Petitioners contend that the trial judge erred in admitting into evidence certain testimony of Joe Kelly Donaldson, a licensed registered engineer and land surveyor. Their first objection is that the witness was never qualified nor examined hypothetically for expert opinion. However, the record reveals that this witness was offered as an expert and was asked numerous questions regarding his qualifications, all with no objection from petitioners. Since the record shows that the trial judge properly could have found this witness to be an expert, the failure of petitioners to challenge his competency in apt time waives their objection and it will not be considered on appeal. *Lawrence v. Insurance Co.*, 32 N.C. App. 414, 232 S.E. 2d 462 (1977). Petitioners further object to Donaldson's testimony concerning his use of a planimeter in determining the acreages of the proposed annexation area, contending that the planimeter was too inexact to be admitted into evidence. As noted above, G.S. 160A-42 provides that municipalities may determine proper land subdivision by "methods calculated to provide reasonably accurate results." G.S. 160A-42(1) also provides that the reviewing court shall accept these estimates unless petitioners show on appeal that such estimates are in error in the amount of five percent or more. In addition to utilizing a planimeter, Donaldson computed the

acreages by use of tax maps, an aerial photograph, recorded plats and deeds. He then double-checked all of his computations by comparing the entire acreage with the sum of acreage for the individual lots. Petitioners make no argument that these estimates are in error in the amount of five percent or more. This assignment of error therefore is overruled.

[6] Petitioners object to the trial judge's finding and conclusion that they will not suffer material injury by reason of the proposed annexation. We find no error. A review of the record reveals that the grievances and feared injury by petitioners were primarily speculation that the increased services inuring to their property from the proposed annexation either would not materialize or would not be sufficient to offset any increase in their tax burden. These complaints are not sufficient grounds to show that respondents failed to meet statutory requirements, or that there was an irregularity in the proceedings which resulted in material injury to petitioners. *In re Annexation Ordinance,* 303 N.C. 220, 278 S.E. 2d 224 (1981). This assignment of error is overruled.

[7] Petitioners argue that the ordinance #79-2 does not comply with G.S. 160A-37(e)(1) which mandates that the ordinance shall contain specific findings that the area to be annexed meets the requirements of G.S. 160A-36. Although the ordinance in question did specify that the area to be annexed was developed for urban purposes and that over 60% of the lots and tracts met the use requirements of the statute, it did not further state that 60% of the net residential and undeveloped land in the proposed annexation area was subdivided into lots and tracts of five acres or less. Petitioners are correct that both the "use" and "subdivision" tests must be met in order for an area to meet the statutory standard for annexation. *Adams-Millis Corp. v. Town of Kernersville, supra.* However, not every failure to comply with statutory procedures in annexation proceedings will result in their invalidation. Where there has been substantial compliance with the statutes in delineating the proposed annexation area and there is no reasonable probability that anyone has been or could have been misled, the annexation proceedings will be upheld. *In re Annexation Ordinance,* 278 N.C. 641, 180 S.E. 2d 851 (1971). In the present case, the ordinance did specifically state compliance with all other statutory mandates and made reference to an accurate map

of the proposed annexed territory to be recorded in the office of the Register of Deeds of Wake County and the office of the Secretary of State. Copies of the ordinance and a map of the area to be annexed were filed in superior court and served on petitioners on 22 February 1979. The attached map showed the division of the acreage into lots and tracts which met with the statutory directives. Petitioners do not contend that any omission in the ordinance caused them to be misled or misinformed regarding the area to be annexed. Under these facts, there was sufficient compliance with all essential statutory provisions. We find no error.

Petitioners argue that the trial judge erred in finding that ordinance #79-2 was duly filed in superior court on 22 February 1979 while an appeal was pending concerning the prior ordinance #77-3. The hearing on ordinance #77-3 resulted in an order remanding the ordinance and plan of annexation to the "municipal governing board" pursuant to G.S. 160A-38(g)(2) for the amendment of boundaries. On 22 February 1979, within three months after the entry of the remand order as required by G.S. 160A-38(g), Wake Forest filed its amended annexation ordinance. Respondents in this action merely were following statutory procedures. We further note that the record fails to reveal that petitioners applied to the superior court for a stay in its final determination, or a stay of the annexation ordinance, pending outcome of the appeal to this Court, as allowed under G.S. 160A-38(h). This assignment of error has no merit.

[8] Petitioners argue that the trial judge erred in admitting into evidence a survey map of the area to be annexed. They contend that such an exhibit not prepared under a court order may be used only for illustrating the testimony of witnesses who could authenticate its accuracy and not used as substantive evidence. Although petitioners are correct in their statement of the rule of law in this matter, in the absence of a timely request at trial to so limit the use of the exhibit, we find no error. *Cf. Sidden v. Talbert*, 23 N.C. App. 300, 208 S.E. 2d 872, *cert. denied*, 286 N.C. 337, 210 S.E. 2d 58 (1974) (in absence of timely request, failure to instruct that photograph was admitted solely for illustrative purpose held no error).

In light of our holding in this case, we find no error in the trial judge's denial of petitioners' motion to remand the annexation ordinance to the "municipal governing board" for further action.

For the reasons stated, the judgment of the superior court upholding the annexation is

Affirmed.

Judges HEDRICK and BECTON concur.