GRACE S. SYKES v. DEAN JEFFREY FLOYD AND GRACE S. SYKES, EX-ECUTRIX OF THE ESTATE OF ERNEST WILLIE SYKES v. DEAN JEFFREY FLOYD

No. 8212SC1279

(Filed 15 November 1983)

**Appeal and Error § 31.1— failure to object to and request special instructions—assignments of error overruled**

Where defendant never specifically requested limiting instructions pursuant to G.S. 1A-1, Rule 51(b), the assignments of error relating to the trial court's instructions were overruled.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 9 September 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 25 October 1983.

This is a civil action to recover damages for personal injury suffered by plaintiff and her deceased husband, Ernest Willie Sykes, arising out of an automobile collision which occurred in Fayetteville, North Carolina. By stipulation of the parties, the case was tried on the issue of damages only. From the judgment entered, defendant appealed.

*McLeod and Senter, by Joe McLeod and John Michael Winesette, for plaintiff appellee.*

*Nance, Collier, Herndon and Ciccone, by James R. Nance, Jr., for defendant appellant.*

HILL, Judge.

By his first assignment of error, defendant contends the court erred in failing to instruct the jury that certain photographs admitted as plaintiff's exhibits were admitted for illustrative purposes only and were not substantive evidence. Clearly such photographs are not admissible as substantive evidence, 1 Stansbury's N.C. Evidence § 34 (Brandis rev. 1973), but they are admissible for the purpose of illustrating testimony and were so used by the plaintiff here. But in the absence of a timely request, failure to instruct that photographs are admitted for illustrative purposes only is not error. *Sidden v. Talbert*, 23 N.C. App. 300, 303, 208 S.E. 2d 872, 874, *cert. denied*, 286 N.C. 337, 210 S.E. 2d 58 (1974).

A review of the record reveals that no objection was made to the introduction of the photographs though defendant's counsel did state that he wanted to request an instruction. There is no showing that the court heard this statement and it is clear defendant never specifically requested such instruction. G.S. 1A-1, Rule 51(b) provides that "[r]equests for special instructions must be in writing, entitled in the cause, and signed by the counsel or party submitting them." Defendant failed to comply with this provision; therefore, this assignment of error is overruled.

Secondly, defendant assigns as error the court's failure to charge that any disability to the plaintiff's intestate would only be considered by the jury up until the date of his death. Again, defendant did not submit a request for special instructions so charging the jury as required by G.S. 1A-1, Rule 51(b) and, therefore, is not allowed to assert this issue on appeal.

In his remaining assignments of error, defendant argues the court erred in failing to recount any testimony favorable to defendant as brought forth through plaintiff's evidence or any contentions on behalf of the defendant. We have examined the court's charge to the jury and found the court adequately stated the contentions of the parties and the pertinent facts to which the law was to be applied. We hold defendant received a fair trial free from prejudicial error.

No error.

Judges ARNOLD and BRASWELL concur.