The Honorable Kenny A. Wilk State Representative, 42nd District State Capitol, Room 174-W Topeka, Kansas 66612
Dear Representative Wilk:
You request our opinion concerning the prohibition on annexing land devoted to agricultural use. Specifically, you inquire whether the prohibition is applicable when there is a rural or suburban home site on the land. You also question whether an owner of agricultural land will lose the rural homestead exemption should annexation occur.
The power of a city to alter its boundaries by annexation is controlled by statute and while the city has the discretion to exercise that power it must be done within the confines of the statutes. McDowell v. City ofTopeka, 239 Kan. 263 (1986). K.S.A. 1995 Supp. 12-520(b) states, as follows:
 "No portion of any unplatted tract of land devoted to agricultural use of 21 acres or more shall be annexed by any city under the authority of this section without the written consent of the owner thereof."
 "Land devoted to agricultural use" is defined at K.S.A. 12-519(f) as follows:
 "`Land devoted to agricultural use' means land which is devoted to the production of plants, animals or horticultural products, including but not limited to: forages; grains and feed crops; dairy animals and dairy products; poultry and poultry products; beef cattle, sheep, swine and horses; bees and apiary products; trees and forest products; fruits, nuts and berries; vegetables; or nursing, floral, ornamental and greenhouse products. Land devoted to agricultural use shall not include those lands which are used for recreational purposes, suburban residential acreages, rural home sites or farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some of those plants or animals listed in the foregoing definition." (Emphasis added.)
The prohibition on annexing agricultural land was added to the annexation statutes in 1974 in response to criticism from farmers that cities were annexing farm land indiscriminately in order to increase the tax base and protect future expansion needs. Report of Special Committee to the 1974Kansas Legislature, Proposal 92 (Nov. 1973). The legislature responded by amending K.S.A. 12-520 to prohibit the annexation of an unplatted tract of land used for agricultural purposes in excess of 55 acres. "Agricultural purpose" was defined as the "planting, cultivation and harvesting of crops and/or raising and feeding of livestock for profit." In 1987 the legislature reduced the agricultural acreage from 55 to 21 and the definition of agricultural use was changed to be consistent with the property tax definition at K.S.A. 79-1476. Report on KansasLegislature Interim Studies to the 1986 Legislature Proposal No. 45 (Dec. 1985).
In Attorney General Opinion No. 95-91 we concluded that the legislative history of K.S.A. 12-520 reveals a clear intent to protect from annexation land that is devoted to agricultural use even though the land has a common perimeter with the city. While the definition of "land devoted to agricultural use" does not include lands which are used for recreational purposes, suburban residential acreages, rural home sites or farm home sites, we do not believe that the mere presence of a rural home site or farm home site is sufficient to destroy the prohibition against annexation. Rather, the prohibition will not apply if the land is used for recreational purposes, suburban residential acreages, rural home sites, farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some of the plants or animals listed in the definition. In short, whether the prohibition applies will depend upon the facts of each case.
You mention the case of Board of County Commissioners v. Smith,18 Kan. App. 2d 622 (1993) which examined the definition of land devoted to agricultural use in the context of property taxation. As you know, the county appraiser classifies real property as either residential, commercial or agricultural. K.S.A. 79-1459. Real property used for residential purposes is assessed at 12% of fair market value and land devoted to agricultural use is valued at 30% of its use value. K.S.A. 1995 Supp. 79-1439, 79-1476. In Smith the issue was whether 2.26 acres was properly classified as land devoted to agricultural use for taxation purposes. The court examined how the property was being used and concluded that the land was devoted to agricultural use pursuant to K.S.A. 1995 Supp. 79-1476 because it was being used for the production of hay and there was no evidence that the land was being used for residential or recreational purposes.
We do not believe that the Smith decision is authority for the proposition that a city may annex a tract of land devoted to agricultural use simply because there is a rural or farm home site on the property. Whether the city may annex land devoted to agricultural use will require an examination of how the tract is being used and whether its primary function is for residential or recreational purposes. [Courts in other jurisdictions have concluded that in an annexation situation whether land is devoted to an agricultural use depends upon the facts and an examination of the current use of the land. People v. City of Joliet,159 N.E. 206 (Ill. 1927); Saunders v. City of Little Rock, 515 S.W.2d 633
(Ark. 1974); Harrison v. City of Missoula, 407 P.2d 703 (Mt. 1965);Majority of Residents of Mongolo Subdivision of Washoe County v. City ofSparks, 634 P.2d 466 (Nev. 1981).]
Your last query involves the application of the homestead exemption under the provisions of the Kansas constitution, article 15, § 9 and K.S.A. 60-3201 which states, as follows:
 "60-3201: Homestead; Extent of Exemption. A homestead to the extent of 160 acres of farming land, or of 1 acre within the limits of an incorporated . . . city, occupied as a residence by the family of the owner . . . shall be exempted from forced sale under any process of law. . . ."
In the case of In re Stafos, 354 F. Supp. 299, aff'd 477 F.2d 369 (10th Cir. 1973) the court reviewed Kansas law with respect to the extension of city limits on the homestead exemption and determined that if the limits are extended to include what was formerly a rural homestead the owner may only exempt one acre from creditors as opposed to 160 acres. However, in the Stafos case, the court concluded that the annexed property in question was clearly not farming land.
It is difficult to speculate concerning how a court would regard the homestead exemption of annexed property if the latter retains its agricultural attributes. One could speculate that if a court determined that the land in question is devoted to an agricultural use, a city would not be able to annex it in the first place and the debtor's rural homestead exemption would not be affected. On the other hand, if a court determined that the land is not devoted to agricultural use and the city annexes, the possibility exists that a debtor may only claim one acre as exempt from creditors if the land is no longer considered farming land. Ultimately, it will be a question of fact whether a debtor is entitled to a homestead exemption and to what extent. In the Matter of the Estate ofFink, 4 Kan. App. 2d 523 (1980).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm